IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                       NO.   29,368

JULIAN BACA,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Ross C. Sanchez, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant argues that the district court erred in denying his motions for a competency evaluation and that trial counsel was ineffective for proceeding with a plea when Defendant's competency was questionable. We issued a calendar notice proposing to summarily affirm the district court. Defendant filed a timely

memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**DISCUSSION**

**Competency**

We first address Defendant's contention that the district court erred in denying his request for a competency evaluation. The record indicates that Defendant entered a plea agreement on June 3, 2008, agreeing to plead guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). [RP 167-72] The sentencing hearing was scheduled for September 5, 2008. [Id. 182] On August 21, 2008, Defendant's trial counsel filed a lengthy sentencing memorandum, which mentions that Defendant had suffered a head injury several years earlier. [Id. 185-239] The sentencing memorandum does not raise an issue as to Defendant's competency based on the head injury. [Id.] On August 25, 2008, Defendant obtained new counsel. [Id. 241] On August 29, 2008, Defendant's new trial counsel filed an entry of appearance and an "Unopposed Motion to Vacate and Reset Sentencing." [Id. 240, 241-43] The motion does not raise the issue of competency and simply asks for more time to prepare for sentencing. [Id. 241-43] The district court denied the motion. [Id. 256] The docketing statement indicates that Defendant filed another, more detailed motion on the day of the sentencing hearing requesting a psychological evaluation. [DS 2] This motion does not appear in the

record, but the district court entered an order denying it on October 23, 2008. [RP 254-55] The order indicates that after hearing the matter at the sentencing hearing the court found that the motion was filed for a dilatory purpose, that Defendant's prior counsel worked with Defendant for many months through pre-trial, plea, and sentencing proceedings without raising any concerns about Defendant's competency, that Defendant was competent to enter a plea and proceed to sentencing, and that Defendant presented insufficient evidence to raise a question as to his competency to plea and be sentenced, pursuant to NMSA 1978, Section 31-9-1 (1993). [Id.]

Because the second motion does not appear in the record, our calendar notice observed that it is unclear whether Defendant was simply requesting the court to vacate and reset sentencing so that a psychological and competency evaluation could be performed or whether Defendant also sought to withdraw his plea. [CN 3] Defendant's memorandum in opposition provides us with no clarification on the relief requested in the second motion, but asserts that the district court abused its discretion when it refused to suspend the proceedings to allow a determination of Defendant's competency. [MIO 2-5] Defendant contends that he was improperly denied the opportunity to demonstrate his lack of competency. [Id. 3-4] We remain unpersuaded the district court erred.

We review the district court's denial of Defendant's motion for a competency evaluation for an abuse of discretion. *See State v. Herrera*, 2001-NMCA-073, ¶ 31, 131 N.M. 22, 33 P.3d 22. "No competency hearing is required when there is minimal or no evidence of incompetency." *State v. Flores*, 2005-NMCA-135, ¶ 20, 138 N.M. 636, 124 P.3d 1175.

"Whenever it appears that there is a question as to the defendant's competency to proceed in a criminal case, any further proceeding in the cause shall be suspended until the issue is determined." Section 31-9-1. "A 'question' regarding a defendant's competency, however, is not raised 'by an assertion of that issue, even though the assertion is in good faith.'" *Herrera*, 2001-NMCA-073, ¶ 33 (internal quotation marks and citation omitted). "When a defendant or his counsel asserts a claim of competency, the assertions must be substantiated, and must also establish reasonable cause for the belief that the defendant is not competent." *Id.* (internal quotation marks and citations omitted).

Here, the record indicates that Defendant's first motion was not accompanied by any affidavits or other documentary evidence to substantiate a claim of incompetency. [RP 241-43] Although the docketing statement claims that the second motion was more detailed, [DS 2] we are not able to evaluate that claim because the motion does not appear in the record. However, Defendant's memorandum in

opposition represents that the second motion was made because Defendant's newly retained counsel developed suspicions about Defendant's competency. [MIO 1] It appears that defense counsel offered a letter showing that Defendant received income from social security. [Id.; RP 247-48] The memorandum in opposition claims that defense counsel noted that Defendant was "extremely distractible," had extreme difficulties with language, and required step-by-step instructions to complete simple tasks. [MIO 1-2] The response further indicates that defense counsel told the district court that he believed that Defendant tried to appear normal. [Id. 2] As an example, defense counsel stated that Defendant nodded when asked if he understood he was waiving rights by entering a plea, but Defendant could not explain the nature of those rights to his new counsel. [Id.] It does not appear that defense counsel attached any other affidavits or documentary evidence to the second motion. The district court noted that there was no evidence to support Defendant's claim and that Defendant's prior counsel had worked closely with Defendant for many months without raising an issue of competency. [RP 254]

Under these circumstances, we remain persuaded that Defendant failed to meet his burden of raising a question about his competency. As Defendant acknowledges in his response, [MIO 3] a court may consider an attorney's good faith assertions concerning his or her client, but "those observations and opinions alone cannot trigger

a reasonable doubt about the defendant's competency." *See Flores*, 2005-NMCA-135, ¶ 29. It does not appear that defense counsel claimed that Defendant was incompetent. Rather, it appears that defense counsel merely suggested that Defendant suffered symptoms of a head injury and speculated that those symptoms could impede Defendant's understanding of the proceedings. [DS 1; MIO 1-2] However, defense counsel did not attach any affidavits or documentary evidence to support his assertions other than a letter showing that Defendant received income from social security. [MIO 1] That letter might support an assertion that Defendant was somehow disabled, but would not support an assertion that Defendant was incompetent. Although Defendant argues that he was denied the opportunity to demonstrate his incompetence by obtaining a profession evaluation, [Id. 3] we think that the district court could properly conclude that Defendant did not meet his burden of raising a reasonable doubt as to competence.

Our cases have acknowledged that the testimony of experts is not necessary to support a contention of incompetency. *See id.* ¶ 31. "Instead, a defendant could offer an affidavit from someone who has observed the defendant and formulated an opinion about his or her competency, such as a corrections officer or defense counsel's paralegal." *Id.* Here, Defendant did submit a letter from a friend at the sentencing hearing, but that letter only attested to Defendant's character and asked for leniency

6

in sentencing. [RP 249] Thus, defense counsel's speculation about Defendant's competency was not substantiated.

In addition, Defendant's original trial counsel worked with Defendant until right before sentencing and did not raise any questions about Defendant's competency, even though trial counsel knew about the head injury. The district court also had the opportunity to observe Defendant throughout the proceedings. Given that both the original trial counsel and the district court spent more time with Defendant than his newly retained counsel, we do not think the district court erred if it found that defense counsel's opinions and observations alone did not trigger a reasonable doubt as to Defendant's competency. Although Defendant asserts that competency is not static, [MIO 4-5] we remain persuaded that defense counsel's question about Defendant's competency was not substantiated and that Defendant did not raise a reasonable doubt as to his competency at any stage of the proceeding. Accordingly, we cannot say that the district court abused its discretion in determining that there was not good cause to order a mental evaluation. Nor do we think the district court erred in failing to hold an evidentiary hearing on Defendant's competency. *See Herrera*, 2001-NMCA-073, ¶ 34 (holding that the trial court did not err in refusing to order a competency evaluation after the defendant entered an *Alford* plea when the assertion of incompetency did not give rise to a reasonable doubt as to competency).

Because we are not persuaded that the district court erred in denying Defendant's motion for a competency evaluation, we also conclude that the district court did not abuse its discretion if it denied Defendant's motion to withdraw his guilty plea. *See State v. Hunter*, 2006-NMSC-043, ¶ 11, 140 N.M. 406, 143 P.3d 168 (stating that a trial court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion). "A trial court abuses its discretion when it denies a motion to withdraw a plea that was not knowing or voluntary." *See id.* ¶ 12. The district court found that Defendant did not present sufficient evidence to warrant a competency evaluation. [RP 254-55] The district court, which had personal knowledge of the proceedings, also found that Defendant was competent to enter an *Alford* plea and to proceed to sentencing. [Id.] Because there was no evidence that Defendant was incompetent, and that the plea was not knowing or voluntary, we conclude that the district court did not err if it denied a motion to withdraw the plea.

**Ineffective Assistance of Counsel**

Defendant continues to argue that his original trial counsel's failure to seek a competency evaluation prior to entry of plea or sentence amounted to ineffective assistance of counsel. [DS 3; MIO 5-6] We disagree.

Based on the record before us, Defendant has not made a prima facie case for ineffective assistance of counsel. *See State v. Aker*, 2005-NMCA-063, ¶ 34, 137

8

N.M. 561, 113 P.3d 384 (stating that to establish a prima facie case of ineffective assistance of counsel, a defendant must show both that (1) counsel's performance fell below an objective standard of reasonableness, and (2) that the defendant suffered prejudice). Here, as the district court noted, Defendant's prior counsel worked closely with Defendant for many months during pre-trial, plea, and pre-sentencing proceedings without finding reason to question Defendant's competency. [RP 254] In addition, defense counsel prepared a lengthy sentencing memorandum with attachments in which he recognized Defendant's head injury but did not attempt to use the head injury to argue that Defendant was incompetent. [Id. 186-239] Instead, the memorandum appears to mention the head injury to suggest that Defendant was able to provide for his family despite his disability [Id. 186] and as a possible explanation for his why he began having problems with his family, which resulted in the accusations against him. [Id. 193] We are not persuaded that there is any evidence on the record that Defendant's prior defense counsel acted unreasonably in not seeking a competency evaluation prior to entry of plea or sentence. Moreover, Defendant's second trial counsel only speculated that Defendant's head injury might have been an issue. [DS 2] The record offers no indication that Defendant was unable to assist counsel in his defense or did not understand the nature of his plea or sentencing. When the record on appeal does not establish a prima facie case of

9

ineffective assistance of counsel, this Court has expressed its preference for resolution of the issue in habeas corpus proceedings over remand for an evidentiary hearing. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494. Thus, we reject Defendant's ineffective assistance of counsel claim.

**CONCLUSION**

For these reasons, and those in the calendar notice, we affirm.

**IT IS SO ORDERED.**

                                      _____

                                   **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**