This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                            **NO. 29,497**

**JESUS A. MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Mary A. Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant pled no contest to charges of second-degree murder and tampering with evidence. [RP 152] Almost two months after entering into a plea agreement, Defendant filed a pro se motion to withdraw his plea and to dismiss his counsel. [RP 170] Defendant believed that he had received ineffective assistance from his counsel, and his plea should therefore be withdrawn. [RP 170-74] The motions were denied and Defendant was sentenced. [RP 178-81] On appeal to the district court and then to this Court, [RP 184, 201] Defendant argued that his counsel was ineffective. We issued a calendar notice proposing to affirm the district court's decision. In response, Defendant has filed a memorandum in opposition and a motion to amend his docketing statement. After careful consideration, we deny the motion to amend the docketing statement, and we affirm the decision of the district court.

Defendant continues to argue that his trial counsel misled or tricked him into agreeing to enter a plea of no contest and that his counsel was ineffective in representing him at trial. [MIO 7-8] A trial court's decision to deny Defendant's motion to withdraw his plea is reviewed for abuse of discretion. *See State v. Hunter*, 2006-NMSC-043, ¶¶ 11-12, 140 N.M. 406, 143 P.3d 168. As discussed in our calendar notice, unless the undisputed facts show that Defendant did not voluntarily enter his plea, the trial court did not err in denying Defendant's request to withdraw

the plea. [CN 3] *See Id.* In addition, when a plea agreement is signed based on counsel's advice, counsel is presumed to have acted competently unless Defendant establishes otherwise. *Id.* ¶¶ 13-14. The allegations made by Defendant concerning trial counsel's representation are not of record, and the contents of the plea agreement show that Defendant was fully advised of the ramifications and consequences of entering into a plea agreement. [RP 152-56] We hold that the trial court did not abuse its discretion when it denied Defendant's motion to withdraw his plea. We note that Defendant is not precluded from pursuing his claim that his counsel was ineffective through habeas corpus proceedings. *See State v. Gonzales*, 2007-NMSC-059, ¶ 16, 143 N.M. 25, 172 P.3d 162.

Defendant further moves to amend his docketing statement to add a claim that he was not given sufficient notice that sentencing would be addressed at the March 27 hearing and that he was therefore not able to present mitigating evidence. [MIO 10-11] On March 2, a notice was sent to the various parties that sentencing was scheduled for March 27. [MIO 5; RP 169] After Defendant filed pro se motions on March 6, another notice was sent to the same parties on March 9 stating that Defendant's motions would be heard on March 27. [RP 170; 177] Defendant was represented by counsel when both notices were sent out and also at the March 27

3

hearing.

First, there is nothing to show that Defendant's argument regarding lack of notice was preserved for purposes of appeal. *See* Rule 12-216(A) NMRA; *cf. State v. Steven B.*, 2004-NMCA-086, ¶ 6, 136 N.M. 111, 94 P.3d 854 (explaining the importance of properly preserving arguments for appeal). Second, Defendant does not provide information about the mitigating evidence that he claims he was not allowed to present at the sentencing hearing. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Finally, notice that a sentencing hearing would be held on March 27 was provided to Defendant's counsel in compliance with Rule 5-103(B) NMRA. We find no merit in Defendant's claim, and therefore we deny the motion to amend the docketing statement.

For the reasons discussed herein and in our calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**