This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                   **No. 30,075**

**LARRY HILARIO VIERA,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Larry Hilario Viera appeals his conviction of two counts of trafficking controlled substances. At trial, defense counsel cross-examined the arresting officer on the issue of pretextual arrest. The district court ruled it inappropriate to raise the issue in the jury's presence and declined to rule on the issue of pretext. We conclude that the district court did not abuse its discretion by declining to make a ruling on whether the stop was pretextual, and we reject Defendant's ineffective assistance of counsel argument. We affirm.

**BACKGROUND**

Detective Steven Wright stopped Defendant for a cracked taillight. After being advised by dispatch that Defendant's driver's license was revoked, Detective Wright arrested Defendant, and at the detention center, officers discovered that Defendant possessed several baggies containing substances later determined to be illicit drugs.

At trial, the State led off with Detective Wright, through whom the State presented evidence of the traffic stop, the arrest, and Defendant's possession of and alleged intent to distribute drugs. Defense counsel did not object to the State's direct examination of Detective Wright but, on cross-examination, Defendant's counsel asked questions through which he was attempting to establish whether Detective Wright used the cracked taillight as a pretext for the stop. The State objected, explaining that defense counsel's attempt to establish pretext would be appropriate for

a motion in limine or motion to suppress, but that it was not a matter to be presented before the jury. The district court sustained the State's objection. Defense counsel nevertheless persisted in attempting to establish that Detective Wright used Defendant's broken taillight as a pretext to investigate further.

Following a second objection by the State to defense counsel "going down the line of *Ochoa*," a bench conference was held. Defense counsel asked the district court for a ruling as to whether Detective Wright had used the cracked taillight as a pretext for further investigation and thereby committed an *Ochoa* violation. *See State v. Ochoa*, 2009-NMCA-002, ¶¶ 38, 42, 146 N.M. 32, 206 P.3d 143 (holding that "pretextual traffic stops are not constitutionally reasonable in New Mexico" and that "[w]here there is a factual finding of pretext, that the officer had a constitutionally invalid purpose for the stop . . ., the stop violates the New Mexico Constitution, and the evidentiary fruits of the stop are inadmissible"). In support of his requested ruling, defense counsel pointed to several facts from Detective Wright's testimony, including that the detective noticed that Defendant backed out of the driveway of a convicted drug distributor and that before initiating a traffic stop, he followed Defendant "for a while" to a less-congested traffic area. The district court held that it would not make any findings with regard to pretext, rather, it would sustain or overrule objections as

they were made. Additionally, the district court found that it was inappropriate for defense counsel to have raised the issue before the jury.

Trial proceeded. The State presented other witnesses and evidence relating to Defendant's drug possession. The jury convicted Defendant. On appeal, Defendant argues that he was entitled to move to suppress evidence under *Ochoa* based on Detective Wright's testimony at trial showing that the stop was pretextual and that the district court erred in not allowing further questioning of the detective and in not making a ruling under *Ochoa*. In the alternative, Defendant argues that defense counsel was ineffective for failing to make a motion to suppress prior to trial. For reasons explained in this Opinion, we affirm Defendant's convictions.

**DISCUSSION**

**Standard of Review**

We review the district court's decision to sustain objections to testimony for an abuse of discretion. *See State v. Allison*, 2000-NMSC-027, ¶ 31, 129 N.M. 566, 11 P.3d 141 (explaining that a district court's decision to admit testimony is reviewed for abuse of discretion). Likewise, we review the district court's decision to refrain from making a ruling on Defendant's motion to suppress for an abuse of discretion. *See State v. Gutierrez*, 2005-NMCA-015, ¶ 21, 136 N.M. 779, 105 P.3d 332 (recognizing that the court has discretion to not hear a motion to suppress that was made outside the

4

twenty-day time limit under Rule 5-212(C) NMRA). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Duarte*, 2007-NMCA-012, ¶ 3, 140 N.M. 930, 149 P.3d 1027 (internal quotation marks and citation omitted).

**The Denial of Defendant's Requests Made at Trial**

The State concedes that "[a]lthough defense counsel did not expressly request suppression of the evidence, counsel's request for a finding of pretext was sufficient to alert both the trial court and the prosecutor to defense counsel's goal of obtaining suppression of the evidence." We agree and proceed to address Defendant's point on appeal.

Rule 5-212(C) states that "[a] motion to suppress shall be made within twenty . . . days after the entry of a plea, unless, upon good cause shown, the trial court waives the time requirement of this rule." Despite the apparent mandatory nature of Rule 5-212(C), the committee commentary to Rule 5-212 states that "[t]he New Mexico Rules of Criminal Procedure do not require [that a] motion objecting to illegally seized evidence [be made] prior to trial." Our Supreme Court has recognized that while "[o]ur rules of criminal procedure provide that a motion to suppress

5

evidence is to be made within twenty days after entry of a plea, . . . they do not require that such a motion be made prior to trial." *Cnty. of Los Alamos v. Tapia*, 109 N.M. 736, 744 n.13, 790 P.2d 1017, 1025 n.13 (1990) (emphasis omitted); *see also State v. Katrina G.*, 2008-NMCA-069, ¶ 17, 144 N.M. 205, 185 P.3d 376 (recognizing that "a motion to suppress evidence is not required to be made before trial and may be made at trial"); *Gutierrez*, 2005-NMCA-015, ¶ 21 (stating that "[t]here is no obligation for [a d]efendant to move for suppression of evidence prior to trial"). Whether to hear a motion to suppress made at trial is within the discretion of the district court. *See Tapia*, 109 N.M. at 744 & n.13, 748, 790 P.2d at 1025 & n.13, 1029 (Wilson, J., dissenting) (stating that "[a]lthough orderly procedure requires the motion to be made earlier . . ., the court in its discretion may entertain a motion at the trial stage" and also recognizing, in regard to waiting until trial to attack an indictment, that "any judicial system should encourage litigants to raise objections at the earliest rather than [the] latest possible time" (internal quotation marks and citation omitted)); *Gutierrez*, 2005-NMCA-015, ¶ 21 (explaining that the fact that the defendant was outside the time limit of Rule 5-212(C) in making his motion to suppress at trial "might have served as grounds for not hearing or denying the motion or having it regarded in an unfavorable light").

Defendant asserts that it would have been "practical" for the district court to have heard the motion to suppress during trial. He explains that, because the necessary witnesses were present at trial, the court could have excused the jury and held a hearing on the motion. He further contends that, because his counsel had already asked some questions regarding pretext, it would have been "a simple matter for the [court] to decide" and that despite the interruption, the trial would have been completed by the end of the working day. Nothing in the record indicates that Defendant raised these considerations in the district court. We see nothing that indicates that Defendant's counsel requested the court to excuse the jury, discussed what further witnesses and evidence he wanted to present, explained to the court the reasonableness of his request in terms of the limited nature of the interruption, or explained why the issue was being addressed for the first time during trial.

Determinations related to delay or interruption are within the discretion of the district court. *See State v. Garcia*, 2011-NMSC-003, ¶¶ 23, 27, 30, 149 N.M. 185, 246 P.3d 1057 (holding that the district court properly exercised its "broad discretion" in denying the defendant's pro se motion made on the third day of a four-day trial insofar as it properly balanced "whatever prejudice [was] alleged by the defendant against considerations of disruption of the proceedings, inconvenience[,] and delay" (internal quotation marks and citation omitted)); *State v. Torres*, 1999-NMSC-010, ¶

7

10, 127 N.M. 20, 976 P.2d 20 (stating that, in evaluating a motion for continuance, the district court should consider, among other things, the length of the delay, the degree of inconvenience, and the fault of the movant in causing a need for the delay). Defense counsel essentially made no attempt to persuade the district court why it should exercise its discretion under Rule 5-212 in his favor by interrupting trial to hear the merits of the pretext issue outside the presence of the jury.

We cannot say the district court abused its discretion. At the outset, defense counsel seemed bent on a strategy of having the jury hear testimony in regard to pretext. He did not explain why he did not move before trial to suppress evidence. He did not discuss whether his failure to object to Detective Wright's testimony at trial about the drug possession and intent to sell had any negative bearing or impact on his having pursued the pretext issue for the first time during trial. He made no attempt to engage the court in consideration of questions of delay or interruption of the trial. Under these circumstances, we will not second guess the district court's decision. *See State v. Belanger*, 2009-NMSC-025, ¶ 55, 146 N.M. 357, 210 P.3d 783 (recognizing that "trial courts have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (internal quotation marks and citation omitted)).

When a defendant fails to raise the issue of suppression within the time limits of Rule 5-212(C), he or she must be prepared to present persuasive reasons to the district court explaining why the motion should be heard during trial, including an explanation of why hearing the motion at trial would not disrupt the "orderly procedure" of the trial. *See Tapia*, 109 N.M. at 744, 748, 790 P.2d at 1025, 1029 (Wilson, J., dissenting). In so holding, we "encourage litigants to raise objections at the earliest rather than [the] latest possible time[.]" *Id.* at 744, 790 P.2d at 1025 (internal quotation marks and citation omitted).

**Defendant's Ineffective Assistance of Counsel Claim**

Defendant argues, in the alternative, that his counsel was ineffective for failing to move pre-trial to suppress the drug evidence because the facts of this case were sufficiently similar to *Ochoa* such that a reasonably competent attorney could not have decided that such a motion was unwarranted.

"The test for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384. To prevail on a claim for ineffective assistance of counsel, "a defendant must establish that (1) counsel's performance was deficient, and (2) such deficiency resulted in prejudice against the defendant." *Garcia*, 2011-NMSC-003, ¶ 33. There is a strong presumption that a defendant's

counsel's conduct "falls within the wide range of reasonable professional assistance[.]" *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted). "We review claims of ineffective assistance of counsel de novo." *Garcia*, 2011-NMSC-003, ¶ 33.

Indeed, Defendant's argument as to the obvious similarity of this case to *Ochoa* tends as much to indicate that defense counsel may have purposefully chosen to wait until trial to open up the matter as to indicate that he was not competent. Given (1) defense counsel's failure to object to Detective Wright's testimony about the drugs; (2) the manner in which defense counsel questioned Detective Wright about his motivation for initiating the stop in the presence of the jury and, after the court sustained the State's first objection, attempted to continue the same line of questioning; and (3) the fact that he waited until trial was underway to raise the issue of pretext under *Ochoa*, we conclude that defense counsel could well have been employing a strategy through which he was attempting to influence the jury. It was only when this attempt was thwarted by the district court sustaining the State's objections that Defendant's counsel appeared to move from jury consideration to a court ruling. And even then, he did not expressly ask for suppression of any evidence. "As with other cases involving the tactical decisions of trial counsel in other contexts, we do not wish to guess at what defense counsel was doing." *Gutierrez*, 2005-

NMCA-015, ¶ 20. Nor will we second guess defense counsel's trial tactics or strategy. *State v. Gonzales*, 113 N.M. 221, 230, 824 P.2d 1023, 1032 (1992). We presume that defense counsel's conduct fell "within the wide range of reasonable professional assistance" and therefore provides no basis for reversal. *Hunter*, 2006-NMSC-043, ¶ 13 (internal quotation marks and citation omitted).

**CONCLUSION**

We affirm.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**