This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **NO. 31,293**

**ANTOINETTE ROMERO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

M. Naomi Salazar
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

    Defendant entered a plea of guilty and was convicted of possession with intent

to traffic cocaine. Prior to sentencing, Defendant filed a motion to withdraw her plea. The motion was denied. We proposed to affirm the denial of the motion, and we have received a memorandum in opposition to our proposal. We have considered Defendant's arguments, but we find them unpersuasive. We affirm.

The basis for Defendant's motion to withdraw her plea was that her counsel was ineffective "during the course and investigation of the case and specifically . . . during the plea process." [RP 100] As noted in our calendar notice, Defendant made a number of claims regarding her counsel's performance, including a claim that counsel should have filed a motion to suppress. In the motion to withdraw her plea, Defendant claimed that she was aware of a "possible" search and seizure issue and that she could have testified about a "chain of events leading to her arrest" and the search of her purse that would have been dispositive of the case. Defendant also claimed that there were discrepancies between the testimony before the grand jury and evidence in the police and lab reports, and a motion to suppress would have forced the district court to make a credibility determination. [RP 114]

The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *State v. Hunter*, 2006-NMSC-043, ¶ 11, 140 N.M. 406, 143 P.3d 168. A prima facie showing of ineffective assistance of counsel requires a showing that trial counsel's performance fell below that of a reasonably competent attorney, and

Defendant suffered prejudice because of the deficient performance. *State v. Hester,* 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. As explained in our notice, Defendant's claims regarding the success of a motion to suppress were based on speculation and did not establish that her counsel's performance fell below that of a reasonably competent attorney. In addition, Defendant's counsel countered Defendant's arguments when he testified that there was no "good faith basis" to file such a motion and presented an affidavit stating that he had discussed all matters with Defendant, including inconsistencies in the reports. [RP 132; 155-58]

In the memorandum in opposition, Defendant now claims that her counsel was ineffective for failing to file a motion to dismiss because the grand jury was improperly advised in that it was not read the definition of "possession." [MIO 3] In her docketing statement, Defendant made a brief reference to this claim, but did not develop it. Defendant now alleges that, according to her witness, had a motion to dismiss been filed, three of the charges would have been dismissed. [MIO 3] The State rebutted Defendant's claim by presenting testimony from Defendant's counsel that he had reviewed the grand jury recording and did not recall any non-compliance with advisement to the jury. [DS 9] Again, Defendant has not demonstrated that, because of a failure to file a motion to dismiss based on alleged defects in the advisement of the grand jury, her counsel's performance fell below that of a

reasonably competent attorney.

Because Defendant has not made a prima facie showing of ineffective assistance of counsel, we hold that the district court did not abuse its discretion by denying the motion to withdraw the plea on that basis. For the reasons discussed in this opinion and in our calendar notice, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**