This decision was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number:** _____

**Filing Date: April 26, 2012**

**NO. 32,876**

**SAMAIDA GONZALEZ,**

Petitioner,

v.

**STATE OF NEW MEXICO,**

Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Sheri A. Raphaelson, District Judge**

Victoria Ferrara
Santa Fe, NM

for Petitioner

Gary K. King, Attorney General
William H. Lazar, Assistant Attorney General

Santa Fe, NM

for Respondent

# DISPOSITIONAL ORDER OF REVERSAL

**Per Curiam.**

{1}    The above-entitled and numbered appeal was transferred to this Court by the Court of Appeals, and we accepted jurisdiction.  Each member of the Court, having read the briefs of the parties, heard oral argument, and otherwise having been fully informed on the issues and applicable law as raised and briefed by the parties; and

{2}    Each Justice having concurred that there is no reasonable likelihood that a Decision or Opinion would affect the disposition of this appeal or advance the law of the State; therefore,

**IT IS ADJUDGED THAT:**

{3}    On May 15, 2006, Samaida Gonzalez (Appellant) plead guilty to two counts of false imprisonment in violation of NMSA 1978, Section 30-4-3 (1963), and one count of impersonating a peace officer in violation of NMSA 1978, Section 30-27-2.1(A)(2) (1999).  Appellant received a conditional discharge and was placed on probation for four years.  On December 22, 2008, an Order for Early Discharge From Probation was entered and Appellant's charges were dismissed.

{4}    About two years later, on September 17, 2010, Appellant filed a motion to withdraw her guilty plea after an immigration attorney advised Appellant that she was not eligible for naturalization because her 2006 guilty plea qualified as a criminal

2

conviction for immigration purposes. The basis of Appellant's motion to withdraw her guilty plea was ineffective assistance of counsel, alleging that her public defender failed to adequately advise her about the immigration consequences of her guilty plea. Appellant's motion specifically stated that "while she [understood] English and her employer read the plea agreement to her, it was preferred [that] an interpreter be present." Appellant's motion also stated that while the lack of a Spanish interpreter "[did] not present a Sixth Amendment issue, it raise[d] the question whether [Appellant's] plea was made knowingly."

{5} Following an evidentiary hearing, Appellant's motion to withdraw her guilty plea was denied. The district court found that the public defender properly advised Appellant of the immigration consequences before she entered her May 15, 2006, guilty plea. Appellant appealed to the Court of Appeals. The Court of Appeals transferred this case to this Court. We exercise jurisdiction over this matter pursuant to NMSA 1978, Section 34-5-8(B) (1983). ("The supreme court may provide for the transfer of any action or decision enumerated in this section from the court of appeals to the supreme court in addition to the transfers provided for in Section 34-5-10 and Subsection C of Section 34-5-14 NMSA 1978.")

{6} To establish ineffective assistance of counsel arising out of a plea agreement "a defendant must show: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *State v. Hunter*, 2006-NMSC-043, ¶ 12, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted).

The overarching issue in this case is whether the lack of a Spanish interpreter at Appellant's plea hearing was ineffective assistance of counsel. At the evidentiary hearing, the district court limited the presentation of evidence to "the allegation that defense counsel . . . did not advise of the defendant of immigration consequences of pleading guilty to false imprisonment . . . ." The district court found that Appellant was properly advised, and thus, no ineffective assistance of counsel existed in this case. The district court never addressed whether the lack of a Spanish interpreter at Appellant's plea hearing was an ineffective assistance of counsel. Rather, the district court focused only on whether the public defender properly advised Appellant of the immigration consequences when he stated that Appellant's guilty plea may result in her deportation.

{7}     Because the record was not properly developed as to whether the lack of a Spanish interpreter at Appellant's plea hearing was ineffective assistance of counsel, we reverse and remand to the district court to allow Appellant to amend her motion to withdraw her guilty plea to include a claim of ineffective assistance of counsel based on the lack of a Spanish interpreter. On remand, the district court shall conduct an evidentiary hearing to determine whether the public defender rendered ineffective assistance of counsel when he failed to secure a Spanish interpreter for Appellant at her plea hearing.

{8}     **IT IS SO ORDERED.**

_____
**PETRA JIMENEZ MAES, Chief Justice**

**WE CONCUR:**

_____
**PATRICIO M. SERNA, Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**CHARLES W. DANIELS, Justice**