2006-NMSC-043

143 P.3d 168

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**David HUNTER, Defendant–Respondent.**

No. 29,258.

Supreme Court of New Mexico.

July 26, 2006.

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Petitioner.

John Bigelow, Chief Public Defender, Sue A. Herrmann, Appellate Defender, Catherine Ava Begaye, Appellate Defender, Santa Fe, NM, for Respondent.

## OPINION

MINZNER, Justice.

{1} Defendant, David Hunter, entered a plea of no contest to three counts of custodial interference in violation of NMSA 1978, Section 30–4–4 (1989). Defendant initially moved to dismiss the charges, then entered his plea of no contest. His subsequent motion to withdraw his plea and renew the motion to dismiss were denied and Defendant appealed. The Court of Appeals concluded that there may have been a "fair and just" basis for permitting Defendant to withdraw his plea and remanded to the district court for reconsideration of its denial. The State petitioned this Court for certiorari.

{2} We conclude that Defendant has provided sufficient evidence that his plea was not voluntary and knowing due to the inadequate assistance of his defense counsel and that the district court abused its discretion by denying Defendant's motion to withdraw his plea. We remand to the district court for proceedings consistent with this opinion.

## I. BACKGROUND

{3} The charges of custodial interference arise from a Missouri custody order, and we therefore begin our recitation of the facts with the Missouri custody proceedings. In April of 1992, Defendant was granted a default divorce in Butler County, Missouri. The Missouri court granted physical custody of the couple's three minor children to Defendant. His wife, Ms. Smith, was granted supervised visitation which was to take place in Defendant's presence. Ms. Smith was apparently living in Texas and did not appear at these proceedings. Defendant testified that he moved to New Mexico with the children in 1994.[1] The record does not indicate that Defendant made any attempt to register the Missouri custody award in New Mexico.

---

1. The State contests this, arguing that a 1995 custody stipulation between Defendant and Ms. Smith, which was never filed with the Missouri court, shows that the children were still in Missouri in 1995.

{4} In 1997, Ms. Smith, who was still residing in Texas, motioned the Missouri court for a change in custody based on changed circumstances. Defendant, who remained in New Mexico with the three children, was served a summons from the Missouri court. He consulted a civil attorney who advised him that the Missouri court did not have jurisdiction to enter the modification order because he, Ms. Smith, and the children had all been living outside of Missouri during the previous year. Defendant responded to the Missouri court with a letter contesting the court's jurisdiction. The Missouri court modified the custody order, finding that Defendant had defaulted by failing to appear, and granting primary custody of the children to Ms. Smith. It is not clear that the Missouri court ruled on its own jurisdiction in that proceeding.

{5} Ms. Smith brought the modified Missouri custody order to New Mexico and attempted to take custody of the children. She did not seek to enforce the judgment through the civil courts or have the order registered in New Mexico, but requested the assistance of the Alamogordo police in taking physical custody of the children. The Alamogordo police refused to enforce the order at that time because the Missouri order had not been perfected in a civil action in New Mexico. Ms. Smith returned to Texas and took no further action to register the Missouri modification in New Mexico. In 2001, Ms. Smith again contacted the Alamogordo police department and requested their assistance to enforce the still unregistered custody order modification. After an investigation, Defendant was charged with one count of custodial interference contrary to Section 30-4-4. He was indicted on three counts of custodial interference, one for each of the three children.

{6} Defendant moved to dismiss the charges as a matter of law on November 14, 2001. This motion was made at Defendant's insistence; his defense counsel testified that she did not believe that there was any merit to this motion. On December 18, 2001, Defendant entered a no contest plea to three counts of custodial interference prior to any hearing on his motion to dismiss. Defendant then moved to withdraw his plea on March 26, 2002. He testified that he requested that his attorney withdraw his plea three weeks after it was entered, but this motion was not made immediately because Defendant's counsel moved to withdraw from representation. In his motion to withdraw his plea, Defendant argued that his plea was not voluntary because it was entered shortly after Defendant learned that his daughter had been raped and that Defendant was too distressed at that time to have made a considered decision. He stated that his defense counsel had advised him to take the no contest plea and that he would be sentenced to probation, allowing him to get out of prison and help his daughter. He also argued that his plea was not voluntary because his counsel refused to discuss his defenses with him, and even advised him that she would withdraw his motion to dismiss if he did not plead no contest. Finally, he claimed that accepting the plea would result in manifest injustice, because the Missouri order that formed the basis of the charge was not registered in New Mexico.

{7} The district court held an evidentiary hearing and received testimony of Defendant and his defense counsel at the time of his plea. Defense counsel testified that she "did not feel ... that [Defendant] had a viable defense" and that she advised Defendant to that effect. She also testified that she did not discuss a conditional plea with Defendant, and conceded that such a plea was a possibility in the case. The district court denied Defendant's motion to withdraw his plea. Defendant appealed.

{8} The Court of Appeals remanded, *State v. Hunter*, 2005-NMCA-089, 138 N.M. 96, 117 P.3d 254, holding that the district court may grant a motion to withdraw a plea for "any fair and just reason" if the state is not substantially prejudiced by reliance on that plea. *Id.* ¶ 28. The remand permitted the district court to reconsider its denial and determine whether there was a "fair and just" reason to permit Defendant to withdraw his plea. In addition, the Court of Appeals held that Defendant's three convictions for custodial interference violated double jeopardy. *Id.* ¶¶ 37–38. The State

appealed to this Court and we granted certiorari.

{9} Following oral argument, this Court quashed our writ of certiorari with respect to the Court of Appeals double jeopardy holding and remanded to the district court for the limited purpose of correcting its judgment and sentence. With regard to the district court's denial of Defendant's motion to withdraw his plea, we now conclude that the Defendant has shown that his plea was not voluntary and knowing due to the inadequate assistance of his defense counsel. We therefore conclude that the district court abused its discretion in denying Defendant's motion to withdraw his plea, and we remand for proceedings consistent with this opinion.

## II. DISCUSSION

■ {10} We first consider the standard articulated by the Court of Appeals for review of Defendant's pre-sentence motion to withdraw. The State argues that the Court of Appeals erred in holding that the district court should have applied a "fair and just" standard and that the district court properly applied the knowing and voluntary standard adopted by our earlier cases. The proper standard applied to a defendant's motion to withdraw a plea of guilty or no contest is a question of law which we review de novo. *Rutherford v. Chaves County*, 2003–NMSC–010, ¶ 8, 133 N.M. 756, 69 P.3d 1199 ("The standard of review ... is a question of law which we review de novo.").

■ {11} This Court has stated the standard applied on appeal to motions to withdraw a guilty plea.

A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and we review the trial court's denial of such a motion only for abuse of discretion. A court abuses its discretion when it is shown to have acted unfairly, arbitrarily, or committed manifest error. A denial of a motion to withdraw a guilty plea constitutes manifest error when the undisputed facts establish that the plea was not knowingly and voluntarily given.

*State v. Garcia*, 1996–NMSC–013, 121 N.M. 544, 546, 915 P.2d 300, 302 (citations and internal quotation omitted). This standard has been applied on appeal to all motions to withdraw a plea, whether prior to or following sentencing. *See id.* (stating that the defendant made his initial oral motion to withdraw his plea prior to sentencing, and applying the "knowing and voluntary" standard); *State v. Guerro*, 1999–NMCA–026, ¶ 6, 126 N.M. 699, 974 P.2d 669 (applying a knowing and voluntary standard to a written motion to withdraw guilty plea submitted prior to sentencing). We therefore apply this standard when reviewing the district court's denial of Defendant's motion to withdraw his plea.

■ {12} A trial court abuses its discretion when it denies a motion to withdraw a plea that was not knowing or voluntary. *Garcia*, 121 N.M. at 546, 915 P.2d at 302. The voluntariness of a plea entered on the advice of counsel "depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). "The two-part standard delineated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to ineffective-assistance claims arising out of a plea agreement." *State v. Paredez*, 2004–NMSC–036, ¶ 13, 136 N.M. 533, 101 P.3d 799. "To establish ineffective assistance of counsel, a defendant must show: (1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" *Id.* (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052).

### A. Deficient Performance

■ {13} Counsel's performance is deficient if it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. 2052 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100

L.Ed. 83 (1955)); *Paredez*, 2004–NMSC–036, ¶ 14, 136 N.M. 533, 101 P.3d 799.

{14} Although sound trial strategy encompasses many of the decisions defense counsel might make, omissions relating to counsel's basic duty to communicate with a client are often recognized as ineffective assistance. New Mexico courts have found that counsel's performance was deficient where counsel failed to investigate a significant issue raised by the client, *State v. Barnett*, 1998–NMCA–105, ¶ 30, 125 N.M. 739, 965 P.2d 323 (defense counsel made no effort to discover the scope of a prosecutor's prior representation of his client and failed to advise the client of his ability to disqualify prosecutor), where counsel did not discuss any possible defenses prior to the plea, *State v. Kincheloe*, 87 N.M. 34, 35–36, 528 P.2d 893, 894–95 (Ct.App. 1974), where counsel affirmatively misrepresented the immigration consequences of a plea, and even where counsel failed to advise a defendant of the severe immigration consequences of his guilty plea. *Paredez*, 2004–NMSC–036, ¶¶ 15–16, 136 N.M. 533, 101 P.3d 799 ("We go one step further, though, and hold that an attorney's non-advice to an alien defendant on the immigration consequences of a guilty plea would also be deficient performance.").

{15} Defendant argues that his counsel's advice fell below any objective standard of reasonableness in five respects. First, counsel incorrectly determined that Defendant's motion to dismiss was without merit, and the Missouri court had proper jurisdiction to issue the 1997 modification to the custody order. Second, counsel failed to challenge the enforcement of the modification order, which had never been registered in New Mexico. Third, counsel failed to inform Defendant of his defenses based on a lack of intent to deprive Ms. Smith of her rights. Fourth, counsel failed to recognize that Defendant's three convictions for custodial interference could be challenged as violating double jeopardy. Finally, counsel failed to advise Defendant that he might have the option of entering a conditional plea, preserving his right to a ruling on the motion to dismiss and the validity of the underlying Missouri custody modification. To determine whether Defendant's counsel was constitutionally ineffective, we must examine the merits of each of these contentions. Defendant must establish that the facts support the motion or challenge, and that a reasonably competent attorney could not have decided the motion was unwarranted. *Patterson v. LeMaster*, 2001–NMSC–013, ¶ 19, 130 N.M. 179, 21 P.3d 1032.

{16} Defendant first argues that counsel erred in determining that his motion to dismiss was without merit. We first consider whether there is a factual basis for this claim, and then consider whether a reasonably competent attorney could have reached a similar conclusion.

{17} While Defendant maintains that he was living in New Mexico with the children in 1997, and had been here since 1994, the State disputes this fact, arguing that a 1995 custody stipulation between the parents suggests that the children were still in Missouri at that time. The State suggests that Defendant cannot establish facts necessary to support his motion to dismiss. In addition, the State argues that the district court in its discretion could choose to disregard Defendant's testimony on this point and instead conclude that the children were present in Missouri at the time of the 1995 stipulation.

{18} While Defendant has the burden of showing that facts support his motion to dismiss, we are not persuaded that the 1995 custody stipulation undercuts this showing. The stipulation may provide some evidence about the residence of the children, but we note that this document, even if accurate, does little to establish the residence of the children between December of 1996 and June of 1997, the six months prior to the entry of the custody modification. This is the relevant time period for jurisdictional purposes. Defendant adequately established a factual basis for his motion to dismiss. His testimony is supported by evidence that the children were with Defendant after the order was entered, and that Defendant's summons from the Missouri court was delivered in April to an address in Alamogordo, New Mexico. Finally, it does not appear that either defense counsel or the district court based their decisions on a potential difficulty in establishing

the children's residence. We conclude that Defendant's consistent testimony regarding the children's residence was not in dispute, and when taken together with the additional supporting evidence in the record, is sufficient to establish a factual basis for his motion to dismiss.

{19} The Uniform Child Custody Jurisdiction Act (UCCJA) was adopted by Missouri in 1978, and in effect in 1997. Mo. Rev. Stat. § 452.450 (1994). The statute governs when a Missouri court has the jurisdiction to make a custody determination or modify a custody order.

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state:

(a) Is the home state of the child at the time of commencement of the proceeding; or

(b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state; or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because:

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this state and:

(a) The child has been abandoned; or

(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or

(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

2. Except as provided in subdivisions (3) and (4) of subsection 1 of this section, physical presence of the child, or of the child and one of the litigants, in this state is not sufficient alone to confer jurisdiction on a court of this state to make a child custody determination.

3. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

Mo.Rev.Stat. § 452.450.

{20} If the children were residing in New Mexico with Defendant in the six months prior to the modification order, Missouri was not their home state. There is no suggestion that the children were present in Missouri in 1997, and it appears that New Mexico did not decline jurisdiction at any time. Therefore, jurisdiction in Missouri was only proper if it was in the best interest of the children that a Missouri court assume jurisdiction. The statute clarifies that this is the case only if "the child and his parents, or the child and at least one litigant, have a significant connection with this state; and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships." Mo. Rev.Stat. § 452.450. Defendant and the children were living in New Mexico in 1997, and Ms. Smith was a resident of Texas. Evidence about the children's current and future care was in Texas and New Mexico, not in Missouri. Given these facts, it appears that Missouri did not have jurisdiction to issue the 1997 order. *See Haydon v. Darrough,* 961 S.W.2d 940, 941–42 (Mo.Ct.App.1998) (holding that a Missouri court did not have jurisdiction to modify a custody order under the UCCJA because mother and child had relocated to Virginia almost a year before the

hearings, and the father lived in Indiana); *cf. Newton v. Newton,* 811 S.W.2d 868, 869 (Mo. Ct.App.1991) ("[W]here a custody decree is entered in Missouri, and the child and the parent move to another state, Missouri continues to have jurisdiction to hear subsequent custody and visitation matters, *so long as one parent continues to reside in Missouri.*") (emphasis added).

{21} Thus, there was a sound factual basis for Defendant's motion, and defense counsel's advice that the motion to dismiss was without merit and unlikely to succeed was erroneous. Counsel's conclusion that the court retained continuing jurisdiction to modify its original order is simply inconsistent with the UCCJA, the statute governing jurisdiction over child custody matters in 1997. The Missouri order provided the basis for the charge against Defendant, and counsel was specifically instructed by Defendant to review this issue. There does not appear to be any objectively reasonable rationale for failing to correctly advise Defendant that this was a sound basis for seeking dismissal of the charges against him.[2] *Cf. United States v. Hansel,* 70 F.3d 6, 7–8 (2d Cir.1995) (holding counsel ineffective where defendant pled guilty to crimes that were barred by the statute of limitations because the charges would have been dismissed if counsel had acted competently). Moreover, we can perceive no reasonable strategic justification for failing to pursue this issue or accurately advise Defendant. The criminal custodial interference statute applies only to custody orders issued by a court of competent jurisdiction. Section 30–4–4(A)(2). We can identify no strategic concern that would justify failing to advise a client correctly regarding such a complete defense. A reasonably competent attorney would not have concluded that Defendant's motion to dismiss was without merit and would not have so advised her client.

{22} Defendant also argues that counsel's performance was deficient because she did not challenge the district court's authority to enforce the Missouri order, which had not been registered in New Mexico. The transcript of proceedings before the district court does not address this issue with any specificity and it is not clear whether this issue was specifically discussed or researched by defense counsel. In the hearing on the motion to withdraw his plea, Defendant did not develop this issue by asking his prior counsel any specific questions about her research, conclusions or advice regarding this defense.

{23} The criminal custodial interference statute contemplates the immediate involvement of a court exercising civil jurisdiction and appears to assume that a civil action has been instituted before any criminal enforcement was attempted. "Upon recovery of a child a hearing by the civil court *currently having jurisdiction* or the court *to which the custody proceeding is assigned,* shall be expeditiously held to determine continued custody." Section 30–4–4(F) (emphasis added). Section 30–4–4(A)(2), however, defines custody determination as "a judgment or order of a court of competent jurisdiction providing for the custody of a child, including visitation rights" and does not directly refer to state registration of the judgment. We are not asked to decide at this time whether such registration is in fact required, and do not do so. We instead conclude that this issue was sufficiently ambiguous that a competent attorney may have reasonably concluded that New Mexico registration of the Missouri order was not required by the statute. Defendant therefore has not met his burden to show either a sound factual basis for this claim or that counsel's failure to pursue it fell below the standard expected of a reasonably competent attorney.

---

**2.** The State has suggested to this Court that defense counsel had additional reasons for her conclusion, which are not reflected in the record, and which the State does not identify. We note that counsel testified in an evidentiary hearing on Defendant's motion to withdraw his plea. Both parties had the opportunity to question her at that time about her representation of Defendant. A central issue in that hearing was her conclusion that Defendant's jurisdictional challenge to the 1997 modification order was unlikely to succeed. The State had the opportunity at that time to fully develop the basis for this conclusion on the record. Where the district court has held a full hearing on the precise issue raised before us, we need not consider the possibility of additional evidence that is not of record.

{24} We find an even weaker record with regard to Defendant's potential lack of intent defense. Defense counsel's testimony certainly suggests that an intent defense was not the focus of her discussions with Defendant, and that she did not view such a defense as viable. She was not questioned, however, about her basis for rejecting this defense. Given the evidence that Defendant was aware of the Missouri modification order in 1997, it may have been reasonable for counsel to conclude that Defendant did not have a viable defense based on knowledge or intent. We conclude that Defendant has not met his burden to show a factual basis for this claim or that a reasonably competent attorney would have pursued it.

{25} Defendant's final claim of inadequate assistance is based on counsel's failure to advise Defendant that he might have the option of entering a conditional plea, preserving his right to a ruling on the motion to dismiss and the validity of the underlying Missouri custody modification. Defense counsel specifically testified that she did not discuss a conditional plea with Defendant, and she conceded that such a plea was a possibility in the case. This concession establishes some factual basis for Defendant's claim. Moreover, we cannot discern a strategic reason for not investigating this option, given Defendant's express interest in maintaining his motion to dismiss. A conditional plea would have accomplished Defendant's clear goal of speeding the resolution of the case while preserving his challenge to the underlying Missouri order. Failure to discuss this option, taken together with the incorrect assessment of the merits of Defendant's motion to dismiss, falls below the threshold for objectively reasonable representation. We therefore consider whether Defendant met his burden to show that, but for counsel's deficient performance, he would not have pled no contest.

## B. Prejudice

{26} In order to show prejudice under *Strickland's* second prong, a defendant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill,* 474 U.S. at 59, 106 S.Ct. 366. "In other words ... the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial." *Id.* When a claim of ineffective assistance of counsel is raised in the context of a motion to withdraw a plea, a defendant need not show that his pending motion would have been successful in order to establish his prejudice. *See United States v. Streater,* 70 F.3d 1314 (D.C.Cir.1995) (holding that counsel's erroneous advice that certain defenses had been waived as a result of defendant's pretrial motions induced defendant to plead guilty and remanding without inquiry into the likely success at trial of defendant's planned lack-of-knowledge defense). In this case, Defendant must show he would not have entered into the plea agreement if he had been given constitutionally adequate advice about the merits of his challenge to the Missouri custody modification. *Paredez,* 2004–NMSC–036, ¶ 20, 136 N.M. 533, 101 P.3d 799; *Patterson,* 2001–NMSC–013, ¶ 28, 130 N.M. 179, 21 P.3d 1032. "Because courts are reluctant to rely solely on the self-serving statements of defendants, which are often made after they have been convicted and sentenced, a defendant is generally required to adduce additional evidence to prove that there is a reasonable probability that he or she would have gone to trial." *Patterson,* 2001–NMSC–013, ¶ 29, 130 N.M. 179, 21 P.3d 1032. We have previously recognized that "a defendant's pre-conviction statements or actions may indicate whether he or she was disposed to plead or go to trial." *Id.* ¶ 30. We have also considered the strength of the State's evidence, reasoning that a defendant may be more likely to plead guilty if the evidence against him is strong. *Id.* ¶ 31 (emphasizing that this inquiry is not to predict the outcome of a trial, but to determine whether defendant would have chosen to go to trial in light of the evidence).

{27} After reviewing the record, we are persuaded that Defendant would not have pled guilty had it not been for counsel's advice that his defense was meritless. Defendant clearly wanted to pursue a challenge to the Missouri custody modification order based on the Missouri court's lack of jurisdic-

tion. This challenge, if successful would have provided a complete defense against the charges of custodial interference. Defendant raised this issue consistently from his encounter with the Alamogordo Police in 2001 until his plea and insisted, in the face of resistance from his defense counsel, that the issue be raised in a motion to dismiss the charges against him. Defendant's testimony in his withdrawal of plea hearing reflects his certainty that he had a valid defense to any charges stemming from the custody modification. Defendant also attempted to renew the motion to dismiss after obtaining new counsel. *Cf. Paredez*, 2004–NMSC–036, ¶ 21, 136 N.M. 533, 101 P.3d 799 (noting that defendant's prompt motion to withdraw his guilty plea suggested that he would not have pleaded guilty had he been properly advised of collateral immigration consequences).

{28} We are persuaded by this record that Defendant would not have agreed to enter a no contest plea and waive this defense had he not been erroneously advised that it was without merit. There is evidence in the record that Defendant had additional reasons for seeking a swift resolution to his case. Counsel failed, however, to discuss any conditional plea option with Defendant. We have little doubt, based on this record, that Defendant would have pursued this option had it been discussed. Thus, we are persuaded that Defendant entered his plea because of his counsel's erroneous and inadequate advice, and that he would not have done so without this advice. We therefore conclude that Defendant's plea was not knowing, voluntary and intelligent, and the district court abused its discretion by refusing to allow Defendant to withdraw this plea.

{29} The State suggests that any prejudice to Defendant was effectively cured through the district court's colloquy at the time the plea was entered. Defendant indicated both that he was satisfied with the advice provided by his attorney and understood that he was waiving his defenses. We recognize that the district court properly conducted the plea hearing, adhering to our rules governing the entry of pleas. Rule 5–303(F) NMRA 2006. This, however, cannot cure a defect caused by ineffective advice of counsel. A defendant cannot be held to have knowingly waived a defense if he has been incorrectly advised that it is without merit. *Cf. Kincheloe*, 87 N.M. at 35–36, 528 P.2d at 894–95 (defendant's plea was not freely or intelligently given where counsel failed to discuss relevant defenses); *Hill*, 474 U.S. at 56–57, 106 S.Ct. 366 (recognizing that a defendant may challenge his guilty plea by showing that the advice he received from counsel was inadequate).

## C. Remedy

{30} This Court and the Court of Appeals frequently remand direct appeals alleging ineffective assistance of counsel for further evidentiary hearings. We conclude that this is the rare appeal that does not require such a remand. We have previously observed that habeas corpus proceedings are "the preferred avenue for adjudicating ineffective assistance of counsel claims," because "the record before the trial court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness. . . ." *Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993). In most cases, "an evidentiary hearing on the issue of trial counsel's effectiveness may be necessary." *Id.* at 347, 851 P.2d at 469. The Courts of Appeals has been reluctant to rule on the effectiveness of counsel without a fully developed record and has recognized that a remand might usurp this Court's role in habeas proceedings under Rule 5–802 NMRA. *See, e.g., State v. Swavola*, 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct.App.1992).

{31} In this case, however, the issue of counsel's effectiveness was presented to the district court through Defendant's withdrawal of plea motion, and the district court held an evidentiary hearing on counsel's effectiveness. Both Defendant and counsel testified at this hearing. In addition, the district court was required to make a decision regarding counsel's effectiveness in order to rule on the motion to withdraw. Where the trial court has held an evidentiary hearing regarding counsel's effectiveness, both sides have had the opportunity to develop their positions, and the essential facts regarding counsel's representation are not in dispute,

we believe it is inconsistent with judicial economy to require additional proceedings on this issue. *Cf. Varela v. State,* 115 N.M. 586, 588, 855 P.2d 1050, 1052 (1993) (holding that claim of ineffective assistance of counsel affecting right to appeal could be heard directly and did not have to be brought in a collateral proceeding).

## III. CONCLUSION

{32} Child custody proceedings are often highly emotional and require the district court to consider both complex procedural issues and complex factual matters in order to determine the best interests of the child. The present case illustrates the dangers inherent in attempting to prematurely resolve a custody dispute through criminal proceedings. We note that the charges in this case stem not from inherent parental rights, but from a modification to a prior custody order. At no point in this custody litigation, which has been pursued sporadically over fourteen years in two states, have both parents appeared in a single proceeding.

{33} Our criminal custodial interference statute suggests that a civil action should have been pursued on these facts *before* any criminal enforcement was attempted. Had a civil action been pursued, the outcome may have been similar but could have been reached with far more certainty. The best interests of the children, normally the central focus of any civil custody proceeding, were not, and could not have been, considered in this criminal case, and may have been very poorly served by this prosecution. Defendant, the custodial parent of three daughters for nearly a decade, was arrested, convicted and sentenced to six years of State supervision for violation of an unregistered, out-of-state custody order, issued by a state which had not been the residence of either parent or children in the preceding year, after proceedings in which he did not appear. Prosecuting this case independently of a civil custody proceeding appears inconsistent with the interests the Legislature was seeking to protect in enacting Section 30–4–4.

{34} Applying the proper "knowing and voluntary" standard to Defendant's motion to withdraw his plea, we conclude that his plea was not knowingly and voluntarily made because he received ineffective advice from counsel. We therefore remand to the district court with instructions to allow Defendant to withdraw his plea.

{35} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Justice, PATRICIO M. SERNA, PETRA JIMENEZ MAES, and EDWARD L. CHÁVEZ, Justices.