This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

                              **NO. 34,060 & 34,074**
                              **(Consolidated)**

**DENNY FOUST,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Hector H. Balderas, Attorney General
James W. Grayson, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant challenges the district court's denial of his oral motion to withdraw his plea and proceed to trial. [DS unnumbered 1] This Court issued two calendar notices in this case. In our second calendar notice, we proposed to affirm because Defendant was told, before entering his plea, that his plea was contingent only on the filing, not pursual, of federal charges, and federal charges were indeed filed. [2nd CN 4] Defendant has filed a memorandum in opposition to this Court's second calendar notice, which we have duly considered. Unpersuaded, we affirm.

{2}     In this Court's second calendar notice, we proposed to hold that the district court did not abuse its discretion by not allowing Defendant to withdraw his plea because Defendant had been expressly informed prior to entry of the plea that he could only withdraw his plea if federal charges were never filed—and that Defendant could not withdraw his plea in the event that federal charges were filed but later dropped or dismissed. [2nd CN 4; MIO 5] Accordingly, we proposed to conclude that the district court adhered to the terms of the oral agreement made at the plea hearing and that Defendant's plea was entered into knowingly and voluntarily. [2nd CN 4] *See State v. Hunter*, 2006-NMSC-043, ¶ 12, 140 N.M. 406, 143 P.3d 168 ("A trial court abuses its discretion when it denies a motion to withdraw a plea that was not knowing or voluntary.").

{3} In his memorandum in opposition, Defendant does not dispute the factual recitation provided in our second calendar notice. Defendant agrees that the district court "explained to him that he could only withdraw his plea if the federal government declined to charge him" and that the court specifically told him "that if the federal government charged him, but decided not to proceed with the charge, he could not withdraw his plea." [2nd MIO 2] Defendant stated that he understood these terms and entered a plea of no contest. [2nd MIO 2, 5] Defendant maintains, however, that he should be allowed to withdraw his plea because he entered the plea "in contemplation of federal proceedings." [2nd MIO 6] In doing so, Defendant has failed to demonstrate that his plea was not entered into knowingly and voluntarily.

{4} Additionally, Defendant has advanced no new arguments in his memorandum in opposition. Accordingly, we conclude that Defendant has failed to demonstrate error on appeal. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

{5} For the reasons stated above and in this Court's second notice of proposed disposition, we affirm.

{6} **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**J. MILES HANISEE, Judge**