This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                           **No. 33,285**

**DOMINIC ROBERTS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Hector H. Balderas, Attorney General
Olga Serafimova, Assistant Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1} Defendant appeals his conviction for possession of a controlled substance. Defendant was arrested after Officer Eddie Smart removed Defendant's wallet from his pocket during a pat down and discovered methamphetamine. Defendant's trial counsel did not move to suppress the evidence discovered during the search until the eve of trial. Even then, defense counsel did not request a hearing. The matter was not raised until the close of the State's case, at which point the State argued that the district court was prevented from ruling on the motion under *City of Santa Fe v. Marquez*, 2012-NMSC-031, ¶ 26, 285 P.3d 637 (holding that district courts "must *adjudicate* any suppression issues prior to trial, absent good cause"). The district court agreed and declined to rule on the motion to suppress.

{2} On appeal, Defendant argues that (1) his trial counsel was ineffective for failing to file a timely motion to suppress, (2) the district court erred in declining to rule on the motion to suppress, (3) the district court abused its discretion in not granting a continuance, and (4) the evidence is insufficient to support Defendant's conviction. Because we conclude that Defendant established a prima facie ineffective assistance claim, we remand to the district court to hold an evidentiary hearing.

{3} Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve further discussion of the pertinent facts for our analysis.

**DISCUSSION**

**Prima Facie Ineffective Assistance of Counsel**

{4} Defendant argues defense counsel acted deficiently by failing to meet with him,

2

investigate potential defenses, and timely file a motion to suppress. Defendant argues he was prejudiced by defense counsel's deficient performance because it resulted in the district court's denial of his motion to suppress without consideration of the merits. "We review claims of ineffective assistance of counsel de novo." *State v. Dylan J.*, 2009-NMCA-027, ¶ 33, 145 N.M. 719, 204 P.3d 44.

{5} "The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, guarantees . . . the right to the effective assistance of counsel." *Patterson v. LeMaster*, 2001-NMSC-013, ¶ 16, 130 N.M. 179, 21 P.3d 1032 (internal quotation marks and citation omitted). "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Id.* "A defendant makes a prima facie case of ineffective assistance despite full and adequate factual support in the record by showing that defense counsel's performance fell below the standard of a reasonably competent attorney and, due to the deficient performance, the defense was prejudiced." *Dylan J.*, 2009-NMCA-027, ¶ 39 (internal quotation marks and citation

3

omitted).

{6} As to the first prong, "[d]efense counsel's performance is deficient if it falls below an objective standard of reasonableness[,]" usually judged as an action contrary to "that of a reasonably competent attorney." *Id.* ¶ 37. Our review of counsel's performance is "highly deferential" in that counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* (internal quotation marks and citation omitted). Therefore, a defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted). "If there is a plausible, rational strategy or tactic to explain counsel's conduct, a prima facie case for ineffective assistance is not made." *Dylan J.*, 2009-NMCA-027, ¶ 39.

{7} As to the second prong, "[a] defense is prejudiced if, as a result of the deficient performance, there was a reasonable probability that . . . the result of the trial would have been different." *Id.* ¶ 38 (omission in original) (internal quotation marks and citation omitted). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks and citation omitted). Thus, the deficient performance "must represent so serious a failure of the adversarial

4

process that it undermines judicial confidence in the accuracy and reliability of the outcome." *Id.* (internal quotation marks and citation omitted).

**{8}** In order to provide context for Defendant's ineffective assistance claim, the basic facts underlying the suppression issue are as follows. Defendant was a backseat passenger in a car pulled over for speeding. The car had five occupants. Officer Smart ordered the driver out of the car and placed him into custody. He called for backup and ordered all the passengers out of the car. All passengers were patted down for weapons. Officer Smart did not find any weapons on Defendant but felt Defendant's wallet in his front pocket and removed it. Officer Smart opened the wallet to get Defendant's identification and found what was later determined to be methamphetamine. When Officer Smart ran Defendant's name, he learned Defendant had an outstanding warrant.

**{9}** Defense counsel acknowledged being aware of the suppression issue at least two weeks before trial. In fact, the State had alerted him to the issue. Nevertheless, defense counsel did not file a motion to suppress until the close of business the day before trial, along with a motion seeking a continuance. The motion itself was relatively sparse and did not provide much, if any, factual support for suppression. On the morning of trial, defense counsel did not raise the issue of suppression but instead argued for a continuance on the basis that he had not had the opportunity to speak with

Defendant and prepare a defense. Defense counsel did not argue that the district court should continue the trial until the motion to suppress could be ruled upon, per *Marquez*, despite later acknowledging that he was familiar with the case. *See* 2012-NMSC-031, ¶ 23. The district court was unconvinced by defense counsel's statements that he did not have access to his client or time to prepare because the court had previously granted defense requests for continuances on that basis and, although there were options available to defense counsel to arrange to meet with Defendant, he apparently did not make these arrangements. At this point, the district court first expressed concern with the representation defense counsel was affording Defendant and stated there was a "high likelihood" that Defendant's conviction would be reversed due to defense counsel not being prepared for trial.

{10}     Following the State's presentation of its case, defense counsel argued that there was insufficient evidence supporting the charge of possession. During argument on this point, defense counsel raised the issue of whether, based on Officer Smart's testimony, the removal of Defendant's wallet was justified. In response, the State contended that defense counsel's argument was essentially a suppression issue and the district court could not rule on a mid-trial motion to suppress without good cause. *Marquez*, 2012-NMSC-031, ¶ 23. Defense counsel did not argue that good cause existed to hear the motion but instead continued to argue that the search was unlawful.

6

The district court ultimately found that defense counsel's actions in filing the motion the evening before trial did not provide good cause to rule on the motion mid-trial. The district court again expressed frustration that defense counsel had not raised the issue pre-trial and indicated that defense counsel's failure to timely seek a ruling on the motion to suppress likely amounted to ineffective assistance.The district court went so far as to state that if Defendant was convicted, the court believed the conviction would be reversed based on defense counsel's deficient representation.

{11}     Defendant's argument that defense counsel's representation was deficient is meritorious. The district court characterized both defense counsel's lack of preparation for trial and his untimely filing of the motion to suppress as instances of conduct that would support reversal on ineffective assistance grounds. As the district court noted, defense counsel was granted two previous continuances on the ground that he was unprepared for trial. Even then, defense counsel sought a third continuance the evening before trial on the ground that he still had been unable to meet and adequately prepare a defense with Defendant. The district court correctly concluded that there was no justification for his failure to do so. *See State v. Barnett*, 1998-NMCA-105, ¶ 30, 125 N.M. 739, 965 P.2d 323 ("Failure to make adequate pretrial investigation and preparation may . . . be grounds for finding ineffective assistance of counsel." (internal quotation marks and citation omitted)).

**{12}** The State argues, however, that Defendant cannot establish that defense counsel's representation was deficient because the facts do not establish that the motion would have been successful. *See Patterson*, 2001-NMSC-013, ¶ 18 (stating that in the context of a failure to raise issues of suppression, a defense attorney acts unreasonably only if (1) the facts in the record on appeal support the filing of the motion *and* (2) a reasonably competent attorney could not have decided that the motion was unnecessary). The State argues that Defendant's separate charge for possession of drug paraphernalia provided an independent source for the discovery of the methamphetamine.

**{13}** We are unpersuaded by the State's argument. The district court stated that, based on the evidence adduced at trial, it would have granted the motion. While the court also stated there was an argument for inevitable discovery, it was based on the State's statements regarding what Officer Smart would have testified to had there been a hearing on the motion to suppress. Thus, although we recognize that there may be facts that could support inevitable discovery, we cannot say that there are not sufficient facts in the record on appeal that support the filing of the motion.

**{14}** More importantly, this is not an issue about an attorney failing to file a motion to suppress. Instead, the ineffective assistance claim in this case is largely based on defense counsel's apparent failure to investigate the case and prepare a defense, which

led to his filing an *inadequate* motion to suppress and failing to pursue a ruling pretrial. Defense counsel stated that he was aware of the *Marquez* decision that required the motion to suppress to be decided before trial. He indicated, however, in arguing for a continuance, that he was unprepared for trial and had not had the opportunity to investigate the case. Defense counsel's own admissions regarding his lack of preparation aside, we cannot conceive of a reasonable trial strategy, based on the facts before us, whereby a competent attorney, aware of *Marquez* and, by extension, Rule 5-212(C) NMRA (stating that a motion to suppress must generally be filed sixty days before trial and ruled upon prior to trial), neglects to file the motion until the eve of trial, fails to request a hearing or ruling on the motion before trial starts, or fails to request a continuance on the basis of the outstanding motion to suppress. *See Marquez*, 2012-NMSC-031, ¶ 23; *Patterson*, 2001-NMSC-013, ¶ 27. This is especially true where the State itself alerted defense counsel to its belief that there was a meritorious suppression issue. Accordingly, we conclude that Defendant made a prima facie showing that defense counsel's actions fell below the standard of a reasonably competent attorney.

{15}     We now turn to the prejudice prong. We have recognized before that "[w]here a meritorious motion to suppress key evidence could weaken the prosecution's case against the defendant, counsel's failure to make such a motion may prejudicially affect

9

the defendant." *State v. Mosley*, 2014-NMCA-094, ¶ 30, 335 P.3d 244. The evidence that would have been suppressed was the methamphetamine found in Defendant's wallet as a result of the allegedly unjustified search. Because Defendant was charged with possession of a controlled substance, it goes without saying that had the methamphetamine been suppressed, there is a "reasonable probability" that the result of the trial would have been different. *Patterson*, 2001-NMSC-013, ¶ 28. Furthermore, as we noted above, the district court stated that, based on the evidence at trial, the methamphetamine evidence should have been suppressed. While the district court also acknowledged that certain evidence summarized in the State's proffer supported its argument that the evidence would have been inevitably discovered, because the motion was viable based on the evidence before the district court, we reject the State's argument that Defendant could not prove prejudice due to its inevitable discovery argument.

{16}     Finally, we decline the State's invitation to hold that a valid "felony stop" renders a warrants check on all passengers reasonable under the Fourth Amendment and Article II, Section 10. Determining the permissibility of Officer Smart's stop of the vehicle is not the issue before us. While aspects of the ineffective assistance claim require us to examine the viability of the motion to suppress, no record was developed regarding the lawfuless or unlawfulness of the traffic stop. Accordingly, we do not

find it proper to reach this issue.

**CONCLUSION**

{17}    For the foregoing reasons, we conclude that Defendant established a prima facie claim of ineffective assistance and remand to the district court for proceedings consistent with this opinion. *Mosley*, 2014-NMCA-094, ¶ 33.

{18}    **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**