This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38564**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**RICHARD QUINN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}** A jury convicted Richard Quinn (Defendant) of battery upon a peace officer, contrary to NMSA 1978, Section 30-22-24 (1971), a fourth-degree felony. On appeal, Defendant (1) challenges his conviction, claiming jury instruction error and insufficient evidence, and (2) argues that he received ineffective assistance of counsel. We affirm.

**{2}** Because this is a memorandum opinion, we discuss the facts only as they become necessary to our analysis.

## DISCUSSION

### I.     Battery Upon a Peace Officer

**{3}**     "Battery upon a peace officer is the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner." Section 30-22-24(A). Our Supreme Court has held that "unlawful" acts under the statute must be more than "mere affronts to personal dignity" and "the [L]egislature intended to punish conduct involving actual injury, actual threat to safety, or meaningful challenge to authority." *State v. Padilla*, 1997-NMSC-022, ¶¶ 2, 6-7, 123 N.M. 216, 937 P.2d 492. At trial, the State maintained that Defendant's act of spitting on a peace officer's arm—through an open window of a police car while sitting in the back seat, handcuffed—"caused a meaningful challenge to the authority" of the officer. Defendant appeals the jury's guilty verdict, and his first two arguments rely on his interpretation of "meaningful challenge to authority." Defendant argues that the jury should have been instructed, and the evidence had to show, that a meaningful challenge to authority requires either evidence that the charged conduct actually interfered with the officer's ability to carry out his duty, or that "[a]t the very least," a mere affront to personal dignity is insufficient. We view Defendant's overarching premise to be that "meaningful challenge to authority" must be defined.

**{4}**     This Court has specifically, and repeatedly, refused to "define the legal boundaries of a 'meaningful challenge' to authority." *State v. Jones*, 2000-NMCA-047, ¶ 14, 129 N.M. 165, 3 P.3d 142; *see also State v. Martinez*, 2002-NMCA-036, ¶ 38, 131 N.M. 746, 42 P.3d 851 (reiterating that "it is up to the jury to decide whether the act of spitting also constituted a meaningful challenge to authority"). We have explained that determining whether an act is a "meaningful challenge to authority" requires "knowledge of the context in which the battery arose," and that "this question is best left to juries to decide using their collective common sense and wisdom as a guide." *Jones*, 2000-NMCA-047, ¶ 14. With this in mind, we turn to Defendant's arguments that the jury instructions and the evidence were insufficient.

### A.     The Jury Instructions

**{5}**     Defendant preserved no challenge to the jury instructions, and we therefore review for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (explaining that if jury instruction error was not preserved, "we review for fundamental error"). To evaluate fundamental error, we first consider "whether error occurred." *State v. Ocon*, 2021-NMCA-032, ¶ 7, 493 P.3d 448. Jury instruction error arises when "a reasonable juror would have been confused or misdirected by the jury instruction." *State v. Cunningham*, 2000-NMSC-009, ¶ 14, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted). "Jury instructions cause confusion or misdirection when, through omission or misstatement, they do not provide an accurate rendition of the essential elements of a crime." *Ocon*, 2021-NMCA-032, ¶ 7 (internal quotation marks and citation omitted). Defendant argues that "the absence of any

explanatory instruction related to the limits of a meaningful challenge to authority was akin to a missing element." We disagree.

{6}     When a defendant in a battery upon a peace officer case disputes the element of unlawfulness, the district court "must indulge a request for an instruction that the charged conduct rise to the level of an actual injury, actual threat to safety, or meaningful challenge to authority[.]" *Jones*, 2000-NMCA-047, ¶ 12 (internal quotation marks and citation omitted). The *Jones* direction is encompassed by UJI 14-2211 NMRA, which was given in this case and, in relevant part, instructed the jury that Defendant's conduct must have "caused a meaningful challenge to the authority of [Officer] Milks." Defendant argues that more is required, but we presume uniform jury instructions are "correct statements of law." *State v. Wilson*, 1994-NMSC-009, ¶ 5, 116 N.M. 793, 867 P.2d 1175. It is further well established that "definitional instructions are not required when the terms are used in their ordinary sense and no error is committed in refusing to instruct on a term or word with a common meaning." *State v. Gonzales*, 1991-NMSC-075, ¶ 30, 112 N.M. 544, 817 P.2d 1186. As explained, this Court has expressly left the meaning of the term "meaningful challenge to authority" to the jury's "collective common sense." *Jones*, 2000-NMCA-047, ¶ 14.

{7}     In the present case, the jury instructions included the essential elements of battery upon a peace officer and the "boundaries" of a "meaningful challenge to authority" were properly left for the jury to decide. *See id.* ¶¶ 12, 14; *see also Martinez*, 2002-NMCA-036, ¶ 38. Because we determine that the jury instructions provided an "accurate rendition of the essential elements" for battery upon a peace officer and we find no error, our fundamental error inquiry ends at this first step. *See Ocon*, 2021-NMSC-032, ¶ 7 (internal quotation marks and citation omitted).

## B.     Sufficiency of the Evidence

{8}     Defendant challenges the sufficiency of evidence supporting the jury's finding that his act of spitting on Officer Milks did not meaningfully challenge his authority. "In our determination of the sufficiency of the evidence, we are required to ensure that a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (emphasis, internal quotation marks, and citation omitted). Viewing the evidence in the light most favorable to the State, *see id.*, we conclude this standard is met here.

{9}     The State presented testimonial and video evidence depicting an incident at the municipal courthouse, during which Defendant refused to follow instructions and became abusive and disruptive with court security and eventually with another officer. Defendant's behavior continued, and he was removed from the courthouse, restrained, and placed in a police car. As Officer Milks watched, Defendant continued to yell and spit in the direction of fire fighters. When Officer Milks explained why he could not accommodate Defendant's request to be taken to a doctor, Defendant said, "Fuck you," and spat on his arm through the open window of the police car.

**{10}** Defendant argues that spitting through the window was not "sufficiently egregious" to establish felony battery upon a peace officer. Defendant again relies on his interpretation of "meaningful challenge to authority"—that there must be evidence the charged conduct actually interfered with the officer's ability to carry out his duty. Because we have rejected this interpretation, Defendant's argument amounts to a request for us to reweigh the evidence, a balance that has been specifically reserved for the jury. *See Jones*, 2000-NMCA-047, ¶ 14; *also see Martinez*, 2002-NMCA-036, ¶ 38. From the evidence presented, a rational jury could conclude that Defendant's behavior leading up to the spitting incident had created a tense atmosphere in and around the courthouse, and Defendant took the only action available to him, while handcuffed in the back of the police car, to meaningfully challenge Officer Milks' authority. *See Padilla*, 1997-NMSC-022, ¶ 8 (noting that a jury could find that the defendant's acts "exacerbated a serious situation in the jail and . . . jeopardized the authority of the detention officers"); *see also Jones*, 2000-NMCA-047, ¶ 14 (stating that whether conduct constituted a meaningful challenge depends on the context of the battery); *Martinez*, 2002-NMCA-036, ¶ 38 ("[I]t is up to the jury to decide whether the act of spitting also constituted a meaningful challenge to authority."). We conclude that a rational jury could have found beyond a reasonable doubt that Defendant's act of spitting meaningfully challenged Officer Milks' authority.

## II.　Ineffective Assistance of Counsel

**{11}** Defendant last argues that trial counsel was ineffective. "[O]n direct appeal, only when a defendant presents a prima-facie case of ineffective assistance of counsel will [we] remand to the [district] court for evidentiary proceedings." *State v. Bernal*, 2006-NMSC-050, ¶ 33, 140 N.M. 644, 146 P.3d 289. To establish ineffective assistance of counsel, the "[d]efendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice." *State v. Holly*, 2009-NMSC-004, ¶ 36, 145 N.M. 513, 201 P.3d 844 (internal quotation marks and citation omitted). If the defendant fails to establish prejudice, "we need not consider whether counsel's performance was deficient." *State v. Martinez*, 2007-NMCA-160, ¶ 19, 143 N.M. 96, 173 P.3d 18. The record on direct appeal does not support a prima facie case of ineffective assistance of counsel.

**{12}** Defendant first argues that trial counsel erroneously used the last peremptory challenge on a juror who had already been struck for cause. Although Defendant acknowledges "it is difficult to substantiate exactly how [he] was prejudiced by" counsel's error, he contends "there is significant reason to believe the defense could have used the strike elsewhere" and three jurors were "obvious candidates" for excusal. Defendant fails to establish that if trial counsel could have used the peremptory challenge on one of eight other panel members, the outcome would have been different. *See Holly*, 2009-NMSC-004, ¶ 36 (explaining that the "defendant must also establish prejudice by demonstrating that counsel's errors were so serious that the result of the proceeding would have been different"). As a result, Defendant fails to establish a prima facie case that any error caused prejudice.

**{13}** Defendant next argues that trial counsel failed to use impeachment evidence against the State's main witness. On the record before us, we cannot discern trial counsel's motives in declining to impeach Officer Milks' trial testimony with his lapel video. *See State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (indulging a strong presumption that counsel's conduct was reasonable and that the challenged action might be sound trial strategy under the circumstances). Accordingly, Defendant failed to establish a prima facie case of ineffective assistance on this issue. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("[A] prima facie case is not made when a plausible, rational strategy or tactic can explain the conduct of defense counsel[.]" (internal quotation marks and citation omitted)).

**{14}** Last, Defendant maintains that trial counsel erroneously failed to seek a lesser included instruction. Again, we cannot discern on this record whether the failure to seek the instruction was strategic. Trial counsel could have reasonably pursued an "all-or-nothing" defense, which would have been undermined by requesting a lesser included instruction. *See id.* ¶ 27 (agreeing that an all-or-nothing defense was not "outside the range of effective representation"). As a result, Defendant has not made a prima facie showing of ineffective assistance of counsel. *See id.* ¶ 38.

**{15}** Because we determine that Defendant has failed to establish a prima facie case, a collateral proceeding is the appropriate manner of pursuing Defendant's claim for ineffective assistance of counsel. *See Bernal*, 2006-NMSC-050, ¶ 36 (concluding that although the defendant did not present a prima facie case of ineffective assistance of counsel on direct appeal, the decision did not preclude the defendant from pursuing habeas relief).

**CONCLUSION**

**{16}** For the reasons set forth herein, we affirm.

**{17}  IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**