This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39491**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**FRANCISCO SAUCEDO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Christopher Perez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant Francisco Saucedo appeals from the district court's denial of his amended motion to withdraw his plea. Defendant contends the district court abused its discretion by denying his motion because he did not knowingly or voluntarily plead no contest to Counts 2 through 5. Alternatively, Defendant contends that the matter should be remanded to the district court for resentencing in accordance with his reasonable

understanding of the plea agreement. We affirm the ruling of the district court and deny Defendant's request to remand for resentencing.

## BACKGROUND

**{2}** Defendant was charged by grand jury indictment with criminal sexual penetration (child under 13) (Count 1), sexual exploitation of children (manufacture) (Count 2), sexual exploitation of children (distribution) (Count 3), sexual exploitation of children (possession) (Count 4), voyeurism (under 18 years of age) (Count 5), and failure to register as a sex offender (Count 6). On October 30, 2018, Defendant entered a no contest plea to Counts 2 through 5. As part of the plea agreement, the State dismissed Count 6. Two months later, in December 2018, Defendant pled guilty to criminal sexual contact of a minor (third degree)—a lesser included offense of the crime charged in Count 1.

**{3}** Approximately one year later, Defendant filed a motion to withdraw his plea to Count 1, claiming he was coerced into pleading guilty to that charge. Simultaneously, Defendant's counsel filed a motion to withdraw on the grounds that Defendant's allegations in the motion to withdraw his plea created a conflict. In the motion to withdraw, defense counsel denied "coercing . . . Defendant into doing anything in this case."

**{4}** Defendant was appointed new counsel, who amended Defendant's motion to withdraw plea and sought to withdraw the October 2018 plea as to Counts 2 through 5 instead of the December 2018 plea as to Count 1. The motion asserted that defense counsel did not properly advise Defendant of the consequences of his plea, Defendant did not understand the plea, and Defendant did not intend to surrender his right to trial. The district court held an evidentiary hearing on the motion and received testimony from Defendant, along with a transcript of the plea colloquy for Defendant's October 2018 plea hearing and the plea documents themselves. The court denied Defendant's motion.

**{5}** Thereafter, Defendant was sentenced on all charges to forty and one-half years with ten and one-half years suspended. This appeal timely followed.

## DISCUSSION

### I.      Motion to Withdraw Plea

**{6}** Defendant argues that the district court erred in denying his motion to withdraw his plea because he did not knowingly and voluntarily plead guilty to Counts 2 through 5. Defendant asserts he did not understand that he was entering into a plea agreement or its consequences for a number of reasons: (1) because defense counsel "informed [Defendant] that the judge was simply going to go over Counts 2-5 so he understood those charges and he was focuse[d] on how much time he could get 'if' found guilty"; (2)

Defendant did not understand his possible exposure under the plea;[1] (3) the plea document contained handwritten interlineations that made it difficult to understand; (4) the district court judge did not sign a certification of Defendant's understanding of the plea; and (5) the district court judge failed to review all admonishments.

**{7}** As an initial matter, we agree with the State that Defendant failed to raise all but the first claim of error below and thus failed to preserve the remaining issues for our review. We limit our evaluation to Defendant's first claim of error regarding defense counsel's performance.

**{8}** "A motion to withdraw a guilty plea is addressed to the sound discretion of the [district] court, and we review the [district] court's denial of such a motion only for abuse of discretion." *State v. Favela*, 2015-NMSC-005, ¶ 9, 343 P.3d 178 (internal quotation marks and citation omitted). A district court abuses its discretion "when [the court] is shown to have acted unfairly, arbitrarily, or committed manifest error." *State v. Garcia*, 1996-NMSC-013, ¶ 7, 121 N.M. 544, 915 P.2d 300 (internal quotation marks and citation omitted). "A denial of a motion to withdraw a guilty plea constitutes manifest error when the undisputed facts establish that the plea was not knowingly and voluntarily given." *Favela*, 2015-NMSC-005, ¶ 9 (internal quotation marks and citation omitted).

**{9}** When a defendant asserts that his plea was not knowing and voluntary due to the inadequate assistance of his defense counsel, "the voluntariness and intelligence of the defendant's plea generally depends on whether the attorney rendered ineffective assistance in counseling the plea." *Id.* ¶ 9 (internal quotation marks and citation omitted). Our courts apply the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to evaluate ineffective assistance claims arising out of a plea agreement. *State v. Turner*, 2017-NMCA-047, ¶ 27, 396 P.3d 184. The *Strickland* test requires a defendant to show "(1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *State v. Hunter*, 2006-NMSC-043, ¶ 12, 140 N.M. 406 (internal quotation marks and citation omitted). Under the first prong, counsel's performance is deficient if it "fell below an objective standard of reasonableness." *Id.* ¶ 13 (internal quotation marks and citation omitted). For the second prong, a defendant must show "that but for counsel's errors, he would not have pleaded guilty and would have instead gone to trial." *Patterson v. LeMaster*, 2001-NMSC-013, ¶ 18, 130 N.M. 179, 21 P.3d 1032 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 72, 478 P.3d 880.

**{10}** Defendant appears to contend that defense counsel's performance was deficient because she misrepresented the nature and purpose of the October 2018 plea hearing.

---

[1]Defendant's argument that he did not understand his sentencing exposure was not preserved below, and we decline to review it on that basis. We note as well that, in the context of the issues raised in this appeal, Defendant has not said that the reason he did not understand his potential exposure was the result of his counsel's failure to communicate with him, and he testified during the evidentiary hearing on the motion to withdraw plea that his attorney "did go over the years" with him.

As a result, he argues that he did not realize that he was entering into a plea agreement. The district court concluded that Defendant failed to show that his attorney's assistance regarding his plea was ineffective, and we agree with that conclusion.

**{11}** Defendant was the only witness to testify during the evidentiary hearing on his motion to withdraw plea; neither party called defense counsel to testify. *See Hunter*, 2006-NMSC-043, ¶¶ 21, 25 (holding counsel's performance was deficient because counsel testified she did not discuss a conditional plea with the defendant and incorrectly advised the defendant that his motion to dismiss was without merit and unlikely to succeed); *State v. Barnett*, 1998-NMCA-105, ¶¶ 29-30, 125 N.M. 739, 965 P.2d 323 (holding that the defendant made a prima facie showing that his attorney's conduct fell below an objective standard of reasonableness where the attorney testified she had not investigated the defendant's assertion of a conflict of interest or advised the defendant that he could seek to disqualify the prosecutor); *see also Turner*, 2017-NMCA-047, ¶¶ 20-21 (evaluating the defendant's claim of ineffective assistance of counsel based in part on the prosecuting attorney's testimony about defense counsel's negotiation of the plea). *But cf. Favela*, 2015-NMSC-005, ¶¶ 5, 10 (concluding that the first prong of the defendant's ineffective assistance claim was established because the district court had found—after accepting as true the allegations in the defendant's motion to withdraw plea and hearing testimony from the defendant—that defense counsel had not explained the immigration consequences of the plea agreement to the defendant).

**{12}** Defendant's testimony was inconsistent and contradictory. He gave three conflicting accounts as to his understanding of the October 2018 plea hearing. First, Defendant stated he understood the October 2018 hearing was a plea hearing where he entered a no contest plea as to Count 1. Later, Defendant testified that he actually intended to plead guilty to Count 4 during that hearing. Still later, he stated he did not think he was entering a plea at all—he thought the judge was simply reviewing the charges with him. On this last point, Defendant testified that his attorney misled him about the purpose of the October 2018 hearing, saying that just before the hearing commenced, his counsel led him to believe that the judge would merely be going over the charges against him:

> [W]hen it came to do that plea, I understood it was for the CSC [criminal sexual contact]. And we were all sitting, right behind me here, in the row of chairs, maybe eight or nine other people. And [my attorney] came over and sat down in front of me, and talked to me, and she was whispering, and I was trying to respond to her. And she . . . said, "Well, look at this document right here." And she goes, "Well, except that one." And she crossed out the—the plea, charge number one, for CSC. She says, "Well, that one we've already pled; that's no contest; you've already pled on that one; we're gonna discuss [Counts] two through five." And I said, "Okay."
>
> And she said, "What the judge is gonna do, he's gonna go over . . . the charges you've been charged with, and just that you

understand—clearly understand what you've been charged with. And when we're done, we'll initial it that you understand you're being charged with that."

**{13}** On cross-examination, the State impeached Defendant's account with the transcript of the October 2018 plea hearing and the plea agreement. The prosecutor noted that Defendant had confirmed to the judge that he was willing to enter into the plea and when asked by the judge if he had "had a chance to discuss this fully with [his] attorney," Defendant responded, "Yes, we have had this morning to chat about that." The prosecutor then asked Defendant why he did not tell the judge that he was not pleading to Counts 2 through 5. Defendant replied, "It must be on me, I don't know."

**{14}** At the conclusion of Defendant's testimony, the district court stated that he understood Defendant's position, but acknowledged the conflicting evidence that contradicted Defendant's account and concluded that it did not appear there was any ineffective assistance of counsel. The district court, as the fact-finder, was tasked with weighing the evidence, evaluating the credibility of Defendant's testimony, and resolving the conflicts presented by his account. *See Tanuz v. Carlberg*, 1996-NMCA-076, ¶ 7, 122 N.M. 113, 921 P.2d 309 ("The trial court, sitting as fact finder, weighs the evidence, determines the credibility of testimony, and resolves factual conflicts."). Given the contradictions apparent in Defendant's testimony and the lack of other evidence in the record to support Defendant's claim that his attorney misrepresented the nature and purpose of the October 2018 plea hearing, we conclude Defendant has not met his burden to demonstrate that his attorney's performance was deficient.

**{15}** But even if we agreed that defense counsel's performance was deficient, we nevertheless conclude Defendant has not shown that defense counsel's performance prejudiced his defense. To satisfy the second prong in the context of a plea agreement, Defendant must show "that but for counsel's errors, he would not have pleaded guilty and would have instead gone to trial." *Patterson*, 2001-NMSC-013, ¶ 18. Defendant made no showing on this point in the district court proceedings, and on appeal, Defendant argues only that he would have gone to trial to hold the State to its usual burden of proof. Defendant's allegations are no more than self-serving statements and are insufficient to prove prejudice. *See Turner*, 2017-NMCA-047, ¶ 38 ("An assertion of prejudice is not a showing of prejudice." (internal quotation marks and citation omitted)); *id.* ¶ 37 ("[C]ourts are reluctant to rely solely on the self-serving statements of defendants, which are often made after they have been convicted and sentenced.").

**{16}** We conclude that Defendant has not established that he received ineffective assistance of counsel such that his plea was unknowing and involuntary.

## II.     Defendant's Sentence Is in Accord With the Terms of His Plea Agreements

**{17}** Finally, we decline Defendant's request to remand his case for resentencing in accordance with what he claims was his reasonable understanding of the plea agreements, i.e., that he faced a maximum of fifteen years of imprisonment. Having

reviewed the terms and the sentence imposed, we conclude that the plea agreements are unambiguous and the district court's sentence is in accordance with the terms of those agreements. *Cf. State v. Miller*, 2013-NMSC-048, ¶ 31, 314 P.3d 655 (enforcing unambiguous terms of a plea agreement).

**{18}** Specifically, the October 2018 plea agreement stated the maximum sentence for Counts 2 through 5 was thirty-four and one-half years. The December 2018 plea agreement for Count 1 stated a possible sentence of zero to six years. Adding the two together results in a total sentence of thirty-four and one-half years to forty and one-half years. Ultimately, Defendant was sentenced to forty-and-one-half years with ten-and-one-half years suspended, for a total term of incarceration of thirty years.

**{19}** Because the sentence imposed did not violate the terms of the plea agreements, we affirm the district court's sentencing decision.

## CONCLUSION

**{20}** For the foregoing reasons, we affirm the district court's denial of Defendant's motion to withdraw plea and deny Defendant's request to remand for resentencing.

**{21}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MICHAEL D. BUSTAMANTE, Judge, retired, sitting by designation**