This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39665**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**RANDALL PARKER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Emily Bowen, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant Randall Parker appeals the revocation of his probation, arguing the district court erred in denying his request to substitute counsel and his request to withdraw his plea. Because we conclude that Defendant was not denied due process and did not establish ineffective assistance of counsel, we affirm.

## BACKGROUND

**{2}** In August 2018, Defendant pleaded guilty to two counts related to the unlawful taking of a motor vehicle, which resulted in a suspended three-year sentence with a three-year term of probation. When the initial plea was entered, the district court and defense counsel carefully explained to Defendant that, based on a habitual offender enhancement, the State could seek sixteen years incarceration if Defendant violated the terms of probation before his sentence was complete.

**{3}** In October 2019, following several alleged probation violations, the State sought revocation of Defendant's probation. Defendant was accordingly arrested, and in March 2020 he retained a defense attorney, who had not represented him in the underlying criminal action. In July 2020, the district court held a hearing regarding Defendant's probation violation and his motion to dismiss for violation of time limits. However, after meeting with defense counsel, Defendant decided to accept the State's plea to the probation violation (PV plea) for failure to report. Defense counsel explained, on the record, that Defendant would be sentenced to eight years as part of the plea agreement, with the time running from the date of the probation violation arrest and with the ability to earn fifty percent good time. Defense counsel asked Defendant on the record if he understood the terms of the PV plea and Defendant confirmed that he did. When the district court asked Defendant whether he had enough time to discuss the PV plea with his counsel and whether he was satisfied with defense counsel's advice, Defendant again responded affirmatively.

**{4}** In September 2020, Defendant's wife contacted the district court and requested that defense counsel be removed. The district court denied the request, noting that the request had not come from Defendant himself. Defendant subsequently filed a pro se motion for a new attorney and defense counsel filed a motion to withdraw. At Defendant's sentencing hearing in February 2021 the parties explained the status of the motions to the district court, which noted that only sentencing remained in the case. The State confirmed that Defendant had admitted to the probation violation and as part of the PV plea had agreed to a sentence of eight years. In response, Defendant indicated that he wanted to withdraw the PV plea because he had not agreed to its terms. However, Defendant confirmed that he had admitted to the probation violation. As a result, the district court denied Defendant's motion to withdraw the PV plea, revoked Defendant's probation, and imposed the eight-year sentence from the PV plea after explaining that without the plea, Defendant would have faced sixteen years in custody. Defendant appeals.

**DISCUSSION**

**{5}** Defendant argues that the district court improperly revoked his probation because (1) he had a constitutional right to effective and conflict-free counsel and to terminate his relationship with retained defense counsel; and (2) his plea was involuntary. We consider constitutional questions de novo and the denial of a request to withdraw a plea for abuse of discretion. *State v. Yancey*, 2019-NMSC-018, ¶¶ 10-11, 451 P.3d 561 (evaluating "constitutional principles, statutes, and the rules of criminal

procedure" de novo though "[t]ypically" we review the denial of a motion to withdraw a plea "for abuse of discretion"). We address each argument in turn.

## I.     Denial of Substitute Counsel

{6}     Defendant requests that this Court "reverse the [district] court's ruling on [his] motion to withdraw his plea, reverse the [district] court's revocation of his probation, or remand for an evidentiary hearing to determine the ineffectiveness of counsel." Defendant argues that we should determine that he had a right to effective counsel during the PV plea and that the district court should have inquired into his demand for new counsel, based on defense counsel's ineffectiveness and a conflict of interest arising from a disciplinary complaint that Defendant filed in early 2021. Because the district court did not grant substitution of counsel, Defendant maintains that this Court should reverse the order revoking probation and determine the PV plea was involuntary, or remand for a hearing to determine whether the PV plea was involuntary. We first consider Defendant's right to conflict-free counsel of his choice.

{7}     The right to counsel in probation revocation proceedings arises pursuant not to the Sixth Amendment of the United States Constitution, but from "the more generally worded right to due process of law secured by the [F]ourteenth [A]mendment" of the United States Constitution. *Cf. State v. Guthrie*, 2011-NMSC-014, ¶ 12, 150 N.M. 84, 257 P.3d 904 (discussing the Sixth Amendment right to confrontation). The "touchstone" of due process is "fundamental fairness." *State v. Leon*, 2013-NMCA-011, ¶ 11, 292 P.3d 493 (noting a "more limited due process right to counsel in probation proceedings").

{8}     Here, Defendant does not identify—and the record does not substantiate—a conflict with defense counsel at the time that he admitted to the probation violation in July 2020 that would render his plea fundamentally unfair. At the July 2020 hearing, defense counsel explained the details of the PV plea to Defendant on the record, including what allegation Defendant would admit to, the State's sentencing offer, the date from which the prison time would run, and the possibility for good time. After Defendant indicated that he understood, he admitted to the probation violation.

{9}     Defendant did not raise concerns about his defense counsel until at least September 24, 2020, when Defendant's wife contacted the district court. Further, Defendant did not file a disciplinary complaint against counsel until 2021. As a result, Defendant had conflict-free counsel at the time the district court took the plea on the probation violation and the sentencing terms were explained. Even assuming without deciding that Defendant had a right to counsel for the probation revocation proceeding, that right was satisfied at the time Defendant pleaded to the probation violation. *See id.* ¶¶ 11-12 (providing that, under the federal Due Process Clause, "the decision as to the need for counsel [at probation hearings] must be made on a case-by-case basis in the exercise of a sound discretion of the state authority charged with responsibility for administering the probation and parole system," but that "it would seem to be a rare

case where a defendant was not entitled to counsel" (internal quotation marks and citation omitted)).

**{10}**     Defendant also argues that because his defense counsel was retained, the district court should have granted his request for new counsel without a showing of prejudice or ineffectiveness. The cases Defendant cites for support, however, relate to the right to terminate counsel in the context of the Sixth Amendment right to counsel at trial, rather than the right to due process post-conviction counsel, which is at issue here. *See, e.g., United States v. Gonzales-Lopez*, 548 U.S. 140, 144-48 (2006) (contrasting the Sixth Amendment right to counsel with due process rights and concluding that deprivation of counsel "is complete when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of representation that he receive[s]"); *United States v. Brown*, 785 F.3d 1337, 1343-44 (9th Cir. 2015) (addressing the Sixth Amendment right to fire retained counsel); *Ronquillo v. People*, 2017 CO 99, ¶¶ 4, 25, 404 P.3d 264 (holding that the Sixth Amendment affords the right to hire counsel of choice and "includes the right to fire that counsel without [a] showing [of] good cause" and collecting cases to that effect). The issue of the right to counsel post-conviction is considered within a due process framework, and that framework requires us to consider fundamental fairness. *See Leon*, 2013-NMCA-011, ¶ 11. As we have discussed, Defendant has not established fundamental unfairness that would support a determination that defense counsel was ineffective at the time Defendant admitted to the probation violation.

**{11}**     The record in the present case further does not support an argument that Defendant was entitled to conflict-free counsel of his choice on the day of sentencing in order to argue that Defendant should have been allowed to withdraw his plea because he did not agree to the length of the sentence. Defendant had conflict-free counsel when he admitted the probation violation, and at that time, counsel explained the sentencing agreement to him—on the record. That is the sentence the district court imposed. It may have been prudent for the district court to permit defense counsel to withdraw and to continue the sentencing. In light of these proceedings, however, new counsel would have been tied to the same record that established that Defendant was counseled about the length of the sentence, which directly and unequivocally contradicts the argument that he did not understand the plea and sentence to which he agreed. In these unusual circumstances, we cannot conclude that the proceedings as they unfolded were fundamentally unfair. *See Leon*, 2013-NMCA-011, ¶ 11.

## II.     Defendant's Motion to Withdraw the PV Plea

**{12}**     Defendant also maintains that the PV plea was involuntary because counsel was ineffective. "[T]he determination of whether a plea is knowing and voluntary is assessed by the totality of the circumstances available from the record at the time the plea is taken." *Yancey*, 2019-NMSC-018, ¶ 12 (internal quotation marks and citation omitted); *State v. Hunter*, 2006-NMSC-043, ¶ 12, 140 N.M. 406, 143 P.3d 168 ("A trial court abuses its discretion when it denies a motion to withdraw a plea that was not knowing or voluntary."). Whether "a plea entered on the advice of counsel" was voluntary "depends

on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hunter*, 2006-NMSC-043, ¶ 12 (internal quotation marks and citation omitted). We conduct this analysis using the two-part ineffective assistance of counsel standard under which "a defendant must show: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *Id.* (internal quotation marks and citation omitted).

**{13}** To establish counsel's deficient performance, Defendant argues that defense counsel did not explain the nature and consequences of the PV plea. The record, however, demonstrates that defense counsel did explain the PV plea. Specifically, defense counsel stated,

> Because it's a probation violation, it's not like a normal plea agreement. What you're agreeing to is that you're admitting that you violated your probation by failing to report, the State is agreeing to eight years of time, you would get your fifty percent good time, and they're backdating it to October 27th—October of 2019—I'm not sure of the exact date.

After the State confirmed the date of arrest as October 25, 2019, defense counsel continued, "October 25th, which is the date of your arrest from last year. So you'd get that taken off, straight off the eight years, and then from there, once you went to prison, you would start getting good time of fifty percent." Defense counsel then asked, "Does that make sense?" to which Defendant responded affirmatively. Despite Defendant's later protestations that he only admitted to the probation violation and did not agree to the sentence, the record demonstrates otherwise. Accordingly, the record developed in the present case does not support ineffective assistance of counsel related to this advice and therefore provides no basis for Defendant to withdraw the PV plea.

**CONCLUSION**

**{14}** For the reasons stated herein, we affirm.

**{15}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**