This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42394**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ALONZO BARAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the amended judgment and sentence entered by the district court. We note that the district court resentenced Defendant following a prior opinion and mandate from this Court, remanding for resentencing, issued in *State v. Baray*, A-1-CA-40513, mem. op. (N.M. Ct. App. July 20, 2023) (nonprecedential). On appeal, Defendant argues that he was denied his Sixth Amendment right to effective assistance of counsel during the resentencing proceedings. Defendant argues both that his attorney had a conflict of interest at the resentencing, and that his attorney provided deficient assistance during the resentencing proceedings. [BIC 1-4]

**{3}** "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687 . . . (1984)." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.* "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068 (internal quotation marks and citation omitted).

**{4}** Defense counsel's performance is deficient if his or her conduct falls below that of a reasonably competent attorney. *See State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494. "[J]udicial review of the effectiveness of counsel's performance must be highly deferential, and courts should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 50, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted); *see also State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 (stating that an appellate court presumes that counsel's performance "fell within a wide range of reasonable professional assistance" (internal quotation marks and citation omitted)). "We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted).

**{5}** A defense is prejudiced if, as a result of the deficient performance, "there was a reasonable probability that . . . the result of the trial would have been different." *Dylan J.*, 2009-NMCA-027, ¶ 38 (omission, internal quotation marks, and citation omitted). "[M]ere evidentiary prejudice is not enough." *Roybal*, 2002-NMSC-027, ¶ 25. We may engage in a presumption of prejudice where (1) the defendant was denied counsel altogether; (2) defense counsel fails "to subject the prosecution's case to meaningful adversarial testing"; (3) the accused is "denied the right of effective cross-examination"; (4) there is a conflict of interest in the representation; or (5) where the trial court witnesses obvious attorney incompetence. *See Grogan*, 2007-NMSC-039, ¶¶ 12, 14, 15 (internal quotation marks and citation omitted).

**{6}** In this case, Defendant alleges that he had a conflict of interest with his lawyer at resentencing. [BIC 1] We note that it appears that Defendant filed a complaint about his attorney with the Disciplinary Board of the Supreme Court of New Mexico regarding his representation at Defendant's trial. [2 RP 348-49] "When the record demonstrates that an actual conflict rendered counsel's assistance ineffective, prejudice is presumed, and the claim can be addressed for the first time on appeal." *State v. Vincent*, 2005-NMCA-064, ¶ 4, 137 N.M. 462, 112 P.3d 1119. "However, to invoke such a presumption of prejudice, there must be an actual, active conflict that adversely affects counsel's trial performance; the mere possibility of a conflict is insufficient." *Id.* (internal quotation marks, and citation omitted). We agree with Defendant that, as of now, the record is unclear as to whether there was an active, ongoing conflict of interest between Defendant and counsel, which would allow this Court to conclude that Defendant was presumptively prejudiced. [BIC 2-3]

**{7}** We also agree with Defendant that the record is undeveloped regarding whether Defendant's counsel's performance was deficient at resentencing. [BIC 4] Defendant argues that his attorney failed to provide evidence of mitigation at Defendant's resentencing, mitigation which was indeed the basis for this Court's remand in *Baray*. Defendant argues that therefore the failure to provide mitigating evidence at resentencing, especially where mitigation was presented through witnesses at his prior sentencing, was constitutionally ineffective of counsel. [BIC 4] Again, however, as Defendant acknowledges, "the record does not reflect the reasons for the failure to call the witnesses." [BIC 4]

**{8}** In other words, regarding Defendant's claims of ineffective assistance of counsel at his resentencing, a sufficient record has not been developed. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *Roybal*, 2002-NMSC-027, ¶ 19. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Id.* Our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *See Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466; *Grogan*, 2007-NMSC-039, ¶ 9. "This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850, *and abrogated on other grounds by State v. Montoya*, 2015-NMSC-010, ¶ 36, 345 P.3d 1056. In this case, we note that Defendant may pursue his claims for ineffective assistance of counsel, if he chooses to do so, in a collateral habeas corpus proceeding.

**{9}** Accordingly, for the reasons stated above we affirm the district court regarding Defendant's resentencing.

**{10}** IT IS SO ORDERED.

MEGAN P. DUFFY, Judge

WE CONCUR:

ZACHARY A. IVES, Judge

KATHERINE A. WRAY, Judge